## Gossard *v.* Gossard, Appellant, et al.

Argued April 3, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*Zeno F. Henninger,* for appellant.

*Lee C. McCandless,* of *Marshall & McCandless,* for appellee.

130

OPINION BY MR. JUSTICE KEPHART, May 13, 1935:

The automobile accident on which this suit is based occurred in Bedford County. Plaintiff lives in Butler County, and instituted suit there by personal service on defendant who was found within the county. Under the Sci. Fa. Act of 1929 as amended, defendant endeavored to bring in as an additional defendant one who resides in Allegheny County. The additional defendant raised the question of jurisdiction. The court below held that while service could be made on the additional defendant in Allegheny County, such service did not confer jurisdiction of the person in the Court of Common Pleas of Butler County and struck off the service. The original defendant appealed.

The cause of action, a personal tort, arose in Bedford County. At common law an action for personal tort was transitory and jurisdiction became fixed in the particular county where the plaintiff instituted his action and the tort-feasor was found and served. "The general rule is as to personal torts which give a right of action at common law, that the action may be brought wherever the wrongdoer may be found, and jurisdiction of his person may be obtained": Knight v. West Jersey R. R. Co., 108 Pa. 250; Usher v. West Jersey R. R., 126 Pa. 206. As this was a death case the action instituted in Butler County was under a statute providing for suits in such cases. The incidents of such cases as to institution of suit are similar to common law actions for personal torts —they are transitory.

A further remedy for this type of tort was created by section 1208 of the Vehicle Code of May 1, 1929, P. L. 905. It provides that all civil actions for damages arising from the use of any vehicle *may, at the discretion of the plaintiff,* be brought in the county where the damages were sustained, and service may be had by the sheriff of the county where the suit is brought deputizing the sheriff of the county where the defendant or his registered agent resides. Under the statute, civil actions for torts resulting

from vehicle's use may be brought in the county where the accident occurred and the damages were sustained, in which case service may be made on the tort-feasor anywhere within the State.

What was the effect of the Sci. Fa. Act of 1929, and its amendments, on personal actions arising from automobile injuries? The Act of April 10, 1929, P. L. 479, gave to any defendant named in an action the right to bring on the record as an added defendant one who is alleged to be liable over to the defendant for the cause of action declared on, or who is jointly or severally liable therefor. Nothing is said in the act with respect to service of process. The amendment of June 22, 1931, P. L. 663, in reënacting the purpose of the Act of 1929, added that "Such original defendant shall have the same right in securing service of said writ as the plaintiff in the proceedings had for the service of process in said cause." Under this act the original defendant had the same right against the additional defendant as to service of process as the plaintiff had against the defendant. Had this action been instituted where the accident occurred, Bedford County, under section 1208 of the Vehicle Code, plaintiff could have served defendant anywhere in the State, and defendant under the Sci. Fa. Act of 1931, P. L. 663, had that same right as against an additional defendant.

As this action was instituted in Butler County (it not being "the county wherein the alleged damages were sustained"), plaintiff was limited in her service of process to Butler County. Thus limited, plaintiff could not have acquired jurisdiction over the person of defendant if he was served outside the county. Nor could defendant under the Sci. Fa. Act of 1931 have brought in the added defendant by serving the sci. fa. on him in Allegheny County; he was limited to plaintiff's right of service on defendant.

Did the Sci. Fa. Act of May 18, 1933, P. L. 807, amending the Act of 1931, create a further right in the defendant to bring in an additional defendant if found in an-

other county than that where the action was brought? The Act of 1933 reënacted the amendment of 1931, so that the original defendant shall have the same right against the additional defendant as to service that the plaintiff had against the defendant as to service in such action as quoted above, and adds this important provision: "Where it shall appear that service of said writ on an added defendant cannot be obtained in the county wherein the action was instituted, service of such writ may be made by the sheriff of the county in which the action was instituted deputizing the sheriff of the county wherein such added defendant resides or where service may be had upon him under the existing laws of this Commonwealth in like manner as process may now be served in the proper county."

It is the contention of the appellee, that this addition to the Act of 1933 was limited and controlled by the prior part of the section, that is, that the original defendant had no greater rights in serving the additional defendant than the plaintiff had in serving him, the original defendant; that in order to determine what rights the original defendant has as to the service of process, it must first be determined what rights plaintiff had as to service of process, and if the plaintiff could not bring in the original defendant from another county, the original defendant could not bring in the additional defendant from such county. That as this suit was instituted under the common law and not under the statute, and that as plaintiff was limited in her service of process to the county where defendant was found, defendant was likewise limited in service of process against the additional defendant to that county.

If this construction is sustained, then there was no necessity for the Act of 1933, for under the 1931 amendment, as we have stated, defendant had all the rights plaintiff had as to service. The Act of 1933 was intended to accomplish some definite object. Here appellee overlooks the purpose and effect of the Sci. Fa. Act. It was

to avoid multiplicity of suits, to compel every interested person to appear and have adjudicated conflicting rights in a single action, to save the original defendant from possible harm resulting from loss of evidence if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part: Vinnacombe v. Phila., 297 Pa. 564. The act works out contribution as between joint tort-feasors. It frequently happens that these purposes are lost sight of. It is an enabling statute and should be construed so as to advance the legislative purpose. The plain intendment of the Act of 1933 was to enable the original defendant to bring in the added defendant, no matter where he may be found in the State.

While at first blush this would seem to give the defendant a greater right to introduce an additional defendant than the plaintiff has to make a person a defendant, analysis demonstrates this is not so under the circumstances here present, since the action is for damages resulting from the use of an automobile. As we have shown, defendant could have served appellee in Allegheny County, had plaintiff brought her suit in Bedford County; the effect of the amendment of 1933 merely preserves for the original defendant a right of which he would otherwise be deprived if, as here, plaintiff chose to begin suit in any other county than that where the accident happened. This is fair and gives defendant no greater right than plaintiff, for the locality of suit is determined by the plaintiff, and is a matter over which defendant has no control; keeping in mind the purpose of the Sci. Fa. Act as applied to this class of litigation, a plaintiff should not be permitted to deprive a defendant of a right which it was the obvious purpose of the act to give him. Having in mind the legislative purpose and construing the act in question, we hold that, no matter in what county an action for damages resulting from the use of an automobile is brought, the amendment of 1933 to the Sci. Fa. Act in express terms empowered an orig-

inal defendant to bring in as an additional defendant any one who it is claimed is liable on the cause of action declared on, wherever he might be found in the State. We do not determine the effect of the amendment, of 1933 in other actions.

The court below, however, held that while service outside the county was good it did not confer jurisdiction upon the courts of Butler County over the addiitonal defendant because nothing in the act referred to the question of jurisdiction, and, as the act was silent on the question, under the authority of Park Bros. v. Oil City Boiler Works, 204 Pa. 453, 457, the method of service could not change the jurisdiction of the court and impose liability on one who otherwise would have been a stranger to the proceeding. In the Park Bros. Case we held that at common law there was no jurisdiction as to suits against a corporation, except in a county where the corporate property is situated in whole or in part or where it transacts a substantial part of its business, and a statute relating to service could not change the law as to jurisdiction.

The difficulty with the conclusion of the court below is that at common law jurisdiction of a suit against a person for a personal tort is transitory, extending over the State. Any court has jurisdiction of the subject-matter and may entertain such action if jurisdiction of the person of the defendant in such cases can be had by a service of process on him in the county where the action was instituted. And in this type of case—automobile accidents —it has been determined that the legislature may within the Constitution extend the jurisdiction of the court over the person of a defendant where he may be found within the State, if the suit is brought in the county where the cause of action arose: Garrett v. Turner, 235 Pa. 383, 47 Pa. Superior Ct. 128. Similar jurisdiction in the same class of actions has been upheld in the federal court: Hess v. Pawlowski, 274 U. S. 352. The legislature does not, in this class of legislation, offend the state or federal

Constitutions when, as in the amendment of 1933 to the Sci. Fa. Act, it provides for the acquiring of jurisdiction over the person of an additional defendant by deputized service in another county of the State. The court below had jurisdiction of the subject-matter of the action, and by virtue of a proper service under the Act of 1933 it acquired jurisdiction of the person of appellee; the order striking off the service was error.

The judgment is reversed, the service reinstated and the record is remitted with a procedendo.