## Heaney *v.* Mauch Chunk Borough (et al., Appellant).

Submitted April 20, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. C. Loose, A. S. Loose* and *Calvin F. Smith,* for appellant.

*Frank X. York,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26,
1936:

The Borough of Mauch Chunk, a subdivision of Carbon County, was sued there for damages resulting from injuries sustained through the negligent maintenance of one of its sidewalks.   It brought in as an additional defendant under the Sci. Fa. Act of April 10, 1929, P. L. 479, as amended, H. S. Shafer, a resident of Northampton County.   Shafer, having been served in that county by deputization, attacks the validity of the service.   The court below ruled against him and he appeals.

The only question presented is whether in all actions an original defendant may secure service on an additional defendant no matter where he may be in the state and have him come to the county where the suit is instituted to defend. It cannot be doubted that the legislature has the power to authorize and compel the recognition of such service even though it would displace time-honored rules and cause serious inconvenience to the persons affected. In the consideration of this problem the pertinent legislation must be carefully reviewed, for it is imperative that such service should not receive legal sanction unless there is a clear mandate from the legislature to that effect. The Sci. Fa. Act concerns not only actions based on negligence where two parties may be liable concurrently or jointly, but actions where the additional defendant may be alone liable or liable as endorsee on a promissory note or within the rule of respondeat superior.

The Sci. Fa. Act of 1929 made no provision for service. It was followed by the Act of 1931, which gave to the defendant the same rights of service as the plaintiff had. Later, the Act of 1933, embodying all the features of the Act of 1931, was passed. It reads: "Any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record, as an additional defendant, any other persons alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him with the same force and effect as if such other had been originally sued; and such original defendant shall have the same rights in securing service of said writ as the plaintiff in the proceedings had for service of process in said cause. Where it shall appear that service of said writ on an added defendant cannot be obtained in the county wherein the action was instituted, service of such writ may be made by the sheriff of the county in which the action was instituted deputizing the sheriff of the county wherein such added defendant resides or where

service may be had upon him under the existing laws of this Commonwealth in like manner as process may now be served in the proper county." The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature. We stated in *Davidson v. Bright*, 267 Pa. 580, that statutes in derogation of the common law must be construed strictly and only such modification of the law will be recognized as the statute clearly and definitely prescribes. We have held that a statute will be interpreted to accord as nearly as possible with the rules existing at the time of its enactment *(March v. Philadelphia and West Chester Traction Company*, 285 Pa. 413, 415), and that, in interpreting a statute, we must observe the rule that it must be construed as an integral part of the whole structure affected and not as a distinct and separate matter having an independent meaning of its own: *West v. Lysle*, 302 Pa. 147, 150.

In *Gossard v. Gossard*, 319 Pa. 129, we considered at length the purposes of the Sci. Fa. Act. We there stated that it was primarily remedial in its nature and its main purpose was to avoid multiplicity of suits. See *Vinnacombe v. Phila.*, 297 Pa. 564. Statutes will not be presumed to make any changes in prior existing law beyond that which is necessary to carry out the purposes of the new legislation: *Gratz v. Insurance Co. of North America*, 282 Pa. 224, 234. In *Gossard v. Gossard, supra*, we expressly limited our decision to the facts there before us. It involved extraterritorial service in an action based on an automobile accident. We held that as the Vehicle Code of May 1, 1929, P. L. 905, gave plaintiff the right to extraterritorial service, the defendant was

entitled to such right, but we expressly refrained from determining the effect of the Act of 1933 on other actions. That construction fits into the existing scheme of service as it permitted the original defendant, who can be sued in another county than that in which he resides, to serve his writ of sci. fa. on the additional defendant similarly in another county. But such conclusion in no way sustains the contention that the jurisdiction of the court issuing the original summons should be extended in every cause of action to all other counties to bring in additional defendants. To extend the Act of 1933 would give to the original defendant rights not possessed by any plaintiff and is without justification. The words "the same right in securing service" as possessed by the plaintiff, while not defined or explained, clearly have some meaning and when matched with the concluding part of the act shows that the plain purpose of the legislature was to secure to a defendant the statutory right to service by deputization possessed by plaintiff under section 1208 of the Vehicle Code. That this is the logical and only purpose of this amendment cannot be doubted. We would violate all the above rules of construction if we were to impute to the legislature an intent to give defendants greater rights to service than those possessed by plaintiffs. We would offend the very words of the act which give only "the same right in securing service" as possessed by the plaintiff. These words must be entirely disregarded to hold as appellee contends. The reasons for restricting such rights apply alike to plaintiff and defendant. The legislature did not intend to invest defendants with unlimited rights of service, affording them opportunity to work great hardship and at the same time limit the right of plaintiffs. Had the legislature so intended, it could have made such intention definite and clear in view of the very radical change that was to be effected. The act under consideration confers on the defendant the same right to secure service as

plaintiff possesses under existing statutes and common law, but no more.

The court below did not acquire jurisdiction over the person of the additional defendant and the service is stricken off with a procedendo.