Hartman et al. *v.* Donahue, Appellant, et al.

Argued October 17, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler,* for appellant.

*Meyer Love,* with him *Sparkin & Sparkin,* for appellee.

Opinion by Parker, J., December 13, 1940:

The sole question raised in this appeal is whether a service upon an additional defendant was valid. We all agree with the conclusion of the learned court below that it was not. The original defendant brings this appeal.

An automobile in which the plaintiffs were riding was being operated by John Jones, Jr., in Delaware County, when there was a collision with a motor vehicle owned and driven by James I. Donahue, the original defendant, resulting in injuries to the plaintiffs. Suit was brought in Philadelphia County against Donahue, who, when served with a statement of claim, filed a petition asking permission to join Jones as an additional defendant in accord with Pa. R. C. P. No. 2252. The petition was granted. Relying on Pa. R. C. P. No. 2254,[1] the sheriff of Philadelphia County deputized the sheriff of Delaware County who served the order on Jones at his residence in Delaware County. Jones appeared de bene esse, raised preliminary questions under the Act of March 5, 1925, P. L. 23 (12 PS §673), and moved to vacate the order and set aside the deputized service. The court below vacated its order joining the additional defendant and set aside the service of process on him.

The Rules of Civil Procedure governing joinder of additional parties (Pa. R. C. P. No. 2275) specifically and absolutely suspended the Act of April 10, 1929, P. L. 479, and the amendments of 1931, 1933, and 1937 (12 PS §141), dealing with the joinder of additional

---

[1] "A defendant shall have the same rights in securing service as the plaintiff had for service in said action. If the action was instituted in the county where the cause of action arose, or where a transaction or occurrence took place out of which the cause of action arose, the defendant shall also have the right of service in any other county by having the sheriff of the county wherein the action was instituted deputize the sheriff of any other county wherein service may be had. Service shall be made in the same manner as is required for service of writs of summons."

defendants. As this suit was begun after the effective date of the rules, those rules are now controlling.

Pa. R. C. P. No. 2254 furnished no basis for deputized service on Jones in Delaware County. The first sentence of this rule is a statement in general terms and the second sentence deals with a particular situation and makes a change in the prior law. "The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature": *Heaney v. Mauch Chunk Boro.*, 322 Pa. 487, 490, 185 A. 732. At common law, jurisdiction of a suit against a person for a personal tort is transitory, extending over the state. "Any court has jurisdiction of the subject-matter and may entertain such action if jurisdiction of the person of the defendant in such cases can be had by a service of process on him in the county where the action was instituted": *Gossard v. Gossard*, 319 Pa. 129, 134, 178 A. 837.

In a civil action of the nature we find here, "arising from the use and operation of any vehicle", an action for damages may be brought in the court of common pleas of the county "wherein the alleged damages were sustained" and "service of process ...... may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth": Act of May 1, 1929, P. L. 905, art. XII, §1208, as amended (75 PS §738).

As this action was not begun in the county where "the cause of action arose" or where the "transaction

or occurrence took place", authority must be found, if at all, for this service in the first sentence of Rule No. 2254. In order to determine what rights the original defendant has as to service of process, it must be first determined what rights plaintiffs had as to service of process. As we have pointed out, if the plaintiffs had brought their suit in Delaware County, they would have been entitled to serve the defendant in that county or in any other county in the state by deputation, or they could have brought suit in any other county provided the defendant could be served in such county. The rights of service on the part of the original defendant against the added defendant, as is the case with the plaintiffs against the original defendant, are predicated on what the legislature or rules of court granted and not on how service happened to have been originally made. Thus plaintiffs could have maintained their action in two classes of locations, in Delaware County where the damages were suffered or in any county where personal service could have been had on the defendant. Just so, if the original action had been commenced in Delaware County, the original defendant could have brought in the additional defendant by deputized service in any county in Pennsylvania; but if the original action had been commenced in any other county, defendant could have brought in an additional defendant only if he could have served him in that county. This is affording the same rights to each.

To adopt the contention of the appellant would permit the additional defendant to be taken into any county of the state where service could be made on the original defendant. This would be a much broader right than is given to the plaintiff. The reason behind modern statutes and rules allowing extra-county or other extraterritorial service when the action is brought in the jurisdiction where the cause of action arose is that such jurisdiction is the ideal place for the trial because of the availability of witnesses, presence there of physical

facts relevant to the issue, and other matters of a similar nature. It is eminently fair to require not only the original, but also the additional defendant to return to the county where the liability was created. It is contrary to well settled principles of fair dealing and contrary to well established principles to require a defendant, original or additional, to come to a remote place having no connection with the occurrence or the party summoned, and where he could not be served personally, and there defend the action.

Our conclusion is supported by authority. Pa. R. C. P. No. 128(d), in analogy to §52 of the Statutory Construction Act of 1937 (46 PS §552), provides that in ascertaining the intention of the Supreme Court in promulgating a rule, "if the Supreme Court has construed the language used in a rule or statute, the Supreme Court in promulgating a rule on the same subject matter which employs the same language intends the same construction to be placed upon such language."

In *Gossard v. Gossard,* supra, suit was brought in Butler County, by personal service on defendant, for damages based on an automobile accident which occurred in Bedford County. The original defendant undertook to bring in an additional defendant who resided in Allegheny County by deputized service there. While the Supreme Court sustained the service, it based its conclusion on the broad terms of the amendment of May 18, 1933, P. L. 807, to the Sci. Fa. Act of 1929. The act had been previously amended by Act of June 22, 1931, P. L. 663 (12 PS §141), which provided that the "original defendant shall have the same rights in securing service of said writ as the plaintiff in the proceedings had for service of process in said cause." The amendment of 1933 included this same language and then gave the original defendant additional and very broad rights sufficient to sustain the service in that case. Chief Justice KEPHART, in his discussion, first interpreted the language introduced by the 1931 amendment,

which language is practically the same as the first sentence in Pa. R. C. P. No. 2254, and said (p. 131) : "As this action was instituted in Butler County (it not being 'the county wherein the alleged damages were sustained'), plaintiff was limited in her service of process to Butler County. Thus limited, plaintiff could not have acquired jurisdiction over the person of defendant if he was served outside the county. Nor could defendant under the Sci. Fa. Act of 1931 have brought in the added defendant by serving the sci. fa. on him in Allegheny County; he was limited to plaintiff's right of service on defendant."

The conclusion reached in *Gossard v. Gossard,* supra, is not inconsistent with the conclusion reached by us. There the Supreme Court was not dealing with a clause similar to the one involved here but with a broad amendment to the Sci. Fa. Act of 1929. The broad language in that amendment clearly supports the decision, but that act and its amendments were suspended as we have shown by the Rules of Civil Procedure, and the new rules contain no language equivalent to that found in the Act of 1933.

Our conclusion is in harmony with the law as declared by the Supreme Court in *Williams v. Meredith,* 326 Pa. 570, 192 A. 924, and *Nathan v. McGinley,* 340 Pa. 10, 16 A. 2d 2. Each of these cases was an action in trespass arising out of an automobile accident and involved service on nonresidents of Pennsylvania where the action was commenced in a county other than that in which the accident occurred. Service of original process was involved in the Williams case and service on an additional defendant in the Nathan case. In each case it was held that valid service could not be made. Chief Justice Schaffer, after referring to what was decided in the Williams case, used this significant language: "It holds that the right of service of process on a nonresident defendant, in a motor vehicle case, under the Act of 1929, supra, as amended, exists only where suit has been instituted in the county in which

the accident occurred. There we pointed out that, giving to plaintiffs, in automobile cases, an unrestricted choice of venue against nonresidents, with the right to serve defendant by deputation, no matter where he may be, is incompatible in right, with such suits against residents, *who can be served by deputation, only if the suit is instituted in the county where the accident occurred.*" (Italics supplied.) All that was said in those cases applies here for the principles involved are identical.

Appellant relies heavily on an explanatory note to Rule 2254 added by the Procedural Rules Committee. We believe that if that note is carefully examined a conclusive answer will be found to the argument of the eminent counsel for the appellant. That note, after calling attention to the fact that the rule made a change in the prior practice by permitting deputized service upon an additional party in any county of the state, where the original action was commenced in the county "where the cause of action arose or a transaction or occurrence took place out of which the cause of action arose whether assumpsit or trespass," remarked that the "right to extra-county service of additional parties is enlarged by the above rule." This is true. *Heaney v. Mauch Chunk Boro.,* supra, involved an injury occasioned by a defective sidewalk. Consequently it was held that the original defendant could not bring in an additional defendant from another county although the action was brought in the county where the injuries were suffered. This was in harmony with the long established practice. The plaintiff had no right to extra-county service in a sidewalk case and consequently the original defendant did not. The new rule extends that right to defendants in actions in *trespass and assumpsit.* It is not limited to vehicle cases or to actions in trespass. The committee was undoubtedly correct in saying that the new rule enlarged the rights of an original defendant.

Order affirmed.