## Binder v. Epstein

*Julian W. Barnard*, for plaintiff.
*Wallace M. Kelly*, for defendant.

DANNEHOWER, J., May 14, 1941.—This is a rule by defendant to set aside service of a writ of summons in assumpsit to recover real estate commissions, service of said writ having been made upon defendant at Allentown, Lehigh County, Pa., by the sheriff of another county (Lehigh) who was deputized for that purpose by the Sheriff of Montgomery County, in which the writ issued.

Plaintiff brought suit in assumpsit to recover commissions for the sale of real estate situate in Montgomery County, and averred in his statement of claim, inter alia, that defendant was a resident of Lehigh County and the oral agreement under which plaintiff acted as real estate broker in undertaking to sell said land was an agreement or contract, which by its terms involved real estate situate in Montgomery County, Pa.

Defendant filed this rule to set aside the sheriff's return, upon the ground that the Sheriff of Montgomery County, where the writ issued, had no authority to deputize the Sheriff of Lehigh County to serve a writ of sum-

mons in assumpsit to recover real estate commissions, because the contract does not relate to real estate within the meaning of section 1, cl. 3, of the Act of July 9, 1901, P. L. 614, as amended by section 1 of the Act of April 25, 1929, P. L. 775, 12 PS §298.

The Act of 1901, supra, as amended, provides as follows:

"The writ of summons, in cases where a trespass or nuisance has been committed on real estate, and in cases arising from any contract relating to real estate, may also be served in the manner provided by subsections one and two, in any other county than that wherein the real estate is located and in which the writ issues, by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issues."

The question involved is, whether an action in assumpsit to recover real estate commissions based upon an oral contract is "a case arising from a contract relating to real estate" within the meaning of the above-quoted service act.

A thorough search reveals no case expressly deciding this question.

It must be conceded that the common-law rule, which has always prevailed in this State, in the absence of a statute to the contrary, is that in an action in personam process must be served personally within the jurisdiction of the court in which suit was commenced, upon the person to be affected thereby. Such rule prevails unless a different method of service is clearly and definitely provided by statute. Such statutes in derogation of the common law must be construed strictly and only such modification of the law will be recognized as the statute clearly and definitely prescribed and will not be presumed to make any change in prior existing law beyond that which is necessary to carry out the purpose of the new legislation: Heaney v. Mauch Chunk Borough et al., 322 Pa. 487.

Therefore, the Act of 1901, as amended by the Act of 1929, must be construed strictly and in the light of prior acts authorizing extraterritorial service where injury, trespass, nuisance, or waste has been committed on real estate, or where breach of covenants of warranty is involved. A suit in assumpsit to recover commissions for the sale of real estate involves only the personal rights and obligations of the parties, and while real estate is the subject of the sale the commission or compensation for services is the real basis of the claim. Such a contract does not directly, materially, and immediately relate to real estate, nor is any interest in real estate involved.

If we were to give the language of this act its broadest construction, the farmhand could obtain service outside of the court of issuance in a suit for compensation for ploughing the field; the gardener for mowing the lawn; the merchant for furnishing the seed; the roofer for repairing the roof of the building—because all such contracts relate to real estate to some degree. The legislature never intended to invest such plaintiffs with unlimited rights of service, affording them opportunity to work great hardship and make so drastic and unwarranted a change in the law. As we construe this service act, we are clearly of the opinion that a suit to recover commissions for the sale of real estate is not a contract directly, materially, and immediately relating to real estate within the clear meaning of the act, and extraterritorial service upon defendant is illegal, irregular, and void and should be set aside.

And now, May 14, 1941, for the foregoing reasons, the rule to show cause why service of the writ of summons in assumpsit on David Epstein, defendant, should not be set aside is hereby made absolute. An exception is allowed.