Koll et al. *v.* Pickford, Appellant, et al.

Argued September 24, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

petition for clarification refused November 27, 1945.

*James J. Burns, Jr.,* for appellant.

*H. A. Robinson,* with him *Dickie, Robinson & Mc-Camey,* for appellee, de bene esse.

OPINION BY MR. JUSTICE DREW, October 30, 1945:

The question here is very limited—whether the original defendant, in this suit entered in Allegheny County, can secure legal service upon the additional defendant at its residence in Washington County by deputizing the Sheriff of that County to serve the writ. The learned court below held that such could not be done, that the court had no jurisdiction over the additional defendant, and this appeal followed.

The pertinent facts are these: On September 9, 1944, in Washington County, Pennsylvania, there was an accidental collision between an automobile in which plaintiffs were riding and an automobile truck owned and operated by the original defendant. Suit was entered in

Allegheny County and service was obtained on the original defendant at its residence there. The original defendant then filed its complaint alleging the accident was caused by the negligence of the additional defendant, and issued summons to join as additional defendant Old Trail Motors, Inc., a Pennsylvania corporation, with its registered office in Washington County. The service was attempted to be made by the Sheriff of Allegheny County deputizing the Sheriff of Washington County to serve the additional defendant. An appearance *de bene esse* was entered for the additional defendant who insisted that the service was void because in order to join the additional defendant personal service must be had on it in Allegheny County.

The question is answered by Revised Rule No. 2254 of the Rules of Civil Procedure, effective since December 30, 1942, which Rule, inter alia, provides as follows: "Rule 2254. Service of Process and Pleadings. (a) A Defendant or additional defendant shall have the same right of service as though he were a plaintiff": 345 Pa. LII. This Rule was substituted for prior Rule No. 2254 which became effective on September 4, 1939, and which provided as follows: "Rule 2254. Service of Process on Additional Parties. A defendant shall have the same rights in securing service as the plaintiff had for service in said action. If the action was instituted in the county where the cause of action arose, or where a transaction or occurrence took place out of which the cause of action arose, the defendant shall also have the right of service in any other county by having the sheriff of the county wherein the action was instituted deputize the sheriff of any other county wherein service may be had. Service shall be made in the same manner as is required for service of writs of summons": 332 Pa. CXXVII.

Paragraph (a) of the present Rule and the first sentence of the prior Rule are synonymous. The prior rule has been fully and properly construed in *Hartman v. Donahue,* 142 Pa. Superior Ct. 382, 16 A. 691, in an

opinion by Judge Parker, filed December 13, 1940. The facts of that case were very similar to those in the instant case. The accident occurred in Delaware County, suit was instituted in Philadelphia County, and the original defendant attempted to obtain service and bring upon the record as additional defendant a resident of Delaware County by deputizing the Sheriff of Delaware County to execute the writ. The court below vacated its order joining the additional defendant and set aside the service of process on him, and declared it lacked jurisdiction because of prior Rule 2254 of the Rules of Civil Procedure. Its action was affirmed by the Superior Court.

The common law rule in regard to service of process has always been regarded as binding in Pennsylvania, unless a statute declares a different method: *Heaney v. Mauch Chunk Boro.*, 322 Pa. 487, 490, 185 A. 732. The Rules of Civil Procedure, which have the effect of a statute, governing joinder of additional parties (Rule No. 2275) suspended the Act of April 10, 1929, P. L. 479, and the amendments of 1931, 1933, and 1937, dealing with the joinder of additional defendants. Rule No. 2275 was effective September 4, 1939, (332 Pa. CXXXIV). As this suit was begun after the effective date of the Rules of Civil Procedure, those rules are controlling.

The Vehicle Code, Act of May 1, 1929, P. L. 905, art. XII, section 1208, as amended (75 PS §738), provides that an action for damages may be brought in the court of common pleas of the county "wherein the alleged damages were sustained" and "service of process . . . may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth". This section definitely limits deputization for the execution of writs to actions instituted in the county where the accident occurred.

It therefore comes to this, that since this action was not brought "where the cause of action arose", authority for the service must be found in paragraph (a) of Rule No. 2254. And since it is there provided that defendant and additional defendant shall have the same service as a plaintiff, it must be determined what rights a plaintiff has as to service of process. If plaintiffs had brought this suit in Washington County they could have served the defendant in that county, or by deputization in any county of the State, or they could have brought the suit in any other county provided the defendant could be found and served in such county. Since defendant has the same rights of process as plaintiff, if this suit had been entered in Washington County the original defendant would have the right to deputized service in any county in which the additional defendant could be found. But since the suit was brought in Allegheny County, and plaintiff could have no deputized service, but only personal service on the original defendant in Allegheny County, the very same service was limited to the defendant to bring in the additional defendant. This is affording the same rights to each as required by Rule No. 2254.

The reason for allowing extra-county service, is so that actions will be brought where the accident or occurrence happened, that being the ideal place for trial because of the availability and convenience of witnesses, the presence of relevant physical facts, and other such matters. This is eminently fair to both parties.

A precise interpretation of Rule 2254, section (a) is found in Standard Pa. Prac., Procedural Rules Service of Process, page 46 : "If the plaintiff has not brought the action in the county where the cause of action arose, the defendant is not entitled to deputized service in another county because he would not be entitled thereto had he as a plaintiff brought the action in that county".

In *Gossard v. Gossard,* 319 Pa. 129, 178 A. 837, relied upon by appellant, this Court was interpreting the broad language of the amendment of 1933 to the Sci. Fa. Act of

1929, as amended in 1931. The conclusion there reached was sound and necessary because of the specific language of that amendment. That case can have no effect here since that Act and its amendments are suspended absolutely by the Rules of Civil Procedure, Rule 2275, which became effective December 30, 1942, and the new rules contain no language similar to that found in the Act of 1933, P. L. 807.

Accordingly, the original defendant cannot serve the additional defendant outside Allegheny County because the cause of action did not arise therein.

Order affirmed.