## Arcady Farms Milling Co. v. Rose et al.

*Parnell, Handler & Malcolm,* for plaintiff.

*Jesse P. Long* and *William E. Pierce,* for defendant Sedler.

CREPS, P. J., May 28, 1948.—The complaint in this case, captioned "In Trespass", states that plaintiff "brings this action in trespass against" two named defendants to recover the sum of $5,415.72 as damages. For the purpose of determining the question now before the court, it is sufficient to make the following brief recital of the factual situation, as averred in the complaint. Howard S. Rose and his wife executed a chattel mortgage to plaintiff whereby they did "bargain and sell" to plaintiff approximately 3,000 turkeys located in Center Township, Indiana County, Pa., to secure the amount advanced by plaintiff to cover feed, medicine, etc., supplied for said turkeys, not to exceed the sum of $9,000. The chattel mortgage contained certain provisions restricting the sale and removal of

said turkeys whilst the mortgage, or any part thereof, remained unpaid. Said mortgage was made a matter of record in the prothonotary's office, Indiana County. The tort complained of consisted in the sale of the turkeys by defendant Rose and the purchase and removal thereof by defendant Sedler.

Sedler was, and is, a resident of Jefferson County, Pa., and service of the complaint was made on him in that county by deputization of the sheriff of that county by the sheriff of Indiana County. Defendant Sedler filed preliminary objections under the Rules of Civil Procedure containing 13 reasons. The first, involving the matter of jurisdiction, is as follows:

"1. The alleged cause of action averred by the plaintiff against the defendant, Howard S. Rose, sounds in contract, while that averred by the plaintiff against the defendant, Walter Sedler, sounds in implied contract (quantum valebant), wherefore the service which was attempted to be made on said Walter Sedler, by deputization of the Sheriff of Jefferson County by the Sheriff of Indiana County to serve said complaint upon Walter Sedler in the Borough of Punxsutawney, Jefferson County, Pennsylvania, as if said complaint averred a cause in trespass is void and of no effect under the Pennsylvania Rules of Civil Procedure pertaining to the personal service of pleadings. Your honorable court, is, consequently, without jurisdiction over the defendant, Walter Sedler, in this action."

One of the ultimate motions of the preliminary pleading is "That said complaint be dismissed as to said defendant for lack of jurisdiction".

After careful consideration, it is our opinion that the service on defendant Sedler was defective and that therefore, he has not been brought within the jurisdiction of this court; however, our conclusion does not result from an adoption of the reasoning of Sedler's counsel. Their position seems to be that if this action could legally be held an action of trespass, then the

service as made would be effective; and to escape that result, they attempt to show that it cannot be considered a trespass action. We believe that under the Procedural Rules service of original process in such a trespass action cannot be made out of the county as was done here.

Rule 1043 of the Procedural Rules ("Action of Trespass") might seem, at first blush, to contain authority for such deputized service out of the county in which the action is instituted, if such action is instituted in the county where the cause of action arose. However, careful consideration convinces us that the rule was not intended to have that effect. The rules provide generally that procedure in trespass shall be as in assumpsit and there is no radical change as to assumpsit in the rules from that which had been applicable under general law. Rule 1042 as to venue in trespass, states that the action may be brought in a county in which an action of assumpsit may be brought (that is, where defendant can be served within that county) or as provided by an act of assembly. The situation prevailing prior to the adoption of the Procedural Rules is stated in Hartman et al. v. Donahue et al., 142 Pa. Superior Ct. 382, 384:

"At common law, jurisdiction of a suit against a person for a personal tort is transitory, extending over the state. 'Any court has jurisdiction of the subject-matter and may entertain such action if jurisdiction of the person of the defendant in such cases can be had by a service of process on him in the county where the action was instituted'. . . . 'The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a *statute clearly and definitely manifests* that a *different*

*method as to service has been promulgated by the legislature'* ". (Italics supplied).

In Goodrich-Amram, Actions at Law, Prelim. Surv., p. 70, on the subject of venue, it is stated:

"These Rules make no change in the prior practice in the selection of the county in which an action of assumpsit or trespass may be brought. . . . An action of trespass may likewise be brought in the county in which the defendant may be served, but, in addition, may be brought in a 'cause of action' county when permitted by an Act of Assembly. . . ."

In the same work, on the subject of service by deputization, it is said (p. 82) :

"In trespass cases, the prior practice is retained unchanged. There is still no general right of service by deputization, but deputized service is permitted if the action is instituted in the 'cause of action' county".

It seems therefore that it is required to hold that what is said as to service in rule 1043 has application *only* to those instances in which there is statutory authority as to jurisdiction and service in special types of trespass actions (mentioned in "Note" under rule 1042). The present action, being pleaded in trespass (and we are not convinced that it is not properly so pleaded), effective legal service could not be made on defendant Sedler in Jefferson County by deputization of the sheriff of that county by the sheriff of Indiana County, in which latter the action was instituted. Consideration of any of the other reasons becomes unnecessary.

### Order of court

And now, May 28, 1948, preliminary objection having been taken by defendant, Walter Sedler, for asserted legal reasons which we do not adopt, but this court being satisfied for other reasons set out in the foregoing opinion that the service of complaint on defendant, Walter Sedler, was illegal and he was not

thereby brought within the jurisdiction of this court, the complaint as to defendant, Walter Sedler, is dismissed for lack of jurisdiction.