## Kitzmiller v. Rompala et al.

*Richter, Lord & Farage*, for plaintiff, Charles M. Kitzmiller.

*Max E. Cohen* and *Charles A. Lord*, for defendant, Joseph E. Rompala.

*Rawle and Henderson* and *Robert E. Jones*, for additional defendant, Martin W. Kitzmiller.

CRUMLISH, J., March 10, 1950.—On June 6, 1948, an accident involving two automobiles occurred in Bucks County. In one car were Martin Kitzmiller (one of the defendants in the present action), the driver, his wife, Florence, Charles Kitzmiller, and his wife, Rhea. The other defendant, Joseph Rompala, was the driver of the second car.

Martin Kitzmiller is a resident of Allegheny County. Joseph Rompala is a resident of Philadelphia County.

Four suits in trespass were begun in four different common pleas courts in Philadelphia County. One of

the four was started in this court. In each of the suits Joseph Rompala is defendant. On his application, the other three suits were transferred to this court and consolidated for trial.

In one of the suits Martin Kitzmiller is plaintiff. In another, Martin Kitzmiller and his wife are plaintiffs; in this second suit defendant Rompala joined Martin Kitzmiller as an additional defendant. There is no controversy between the parties as to these two suits being proper. In the other two suits, one by Charles Kitzmiller and the other by Charles Kitzmiller and his wife, Rhea, against Joseph Rompala, defendant Rompala joined Martin Kitzmiller as an additional defendant by deputizing the Sheriff of Allegheny County to serve the writ to join additional defendant, and defendant's complaint, on Martin Kitzmiller, in Allegheny County. Thereupon, Martin Kitzmiller's counsel entered a de bene esse appearance and filed preliminary objections to the jurisdiction in these last two suits.

The question to be decided in disposing of the preliminary objections may be stated as follows: Where four trespass actions arising out of one set of facts are begun in a county other than the county where the accident occurred and these four actions, all in the same court, are consolidated for trial, may one, not a resident of the county wherein the suit is brought, who is sole plaintiff in one of the actions and one of the plaintiffs, as well as additional defendant in another, be joined as defendant by deputized service in the other two suits wherein he is neither plaintiff nor defendant?

The cause of action, a personal tort, arose in Bucks County.

"At common law an action for personal tort was transitory and jurisdiction became fixed in the particular county where the plaintiff instituted his action and the tort-feasor was found and served": Gossard v. Gossard, 319 Pa. 129, 130 (1935).

"The common law rule in regard to service of process
. . . has always been accepted as binding in this State.
In an action in personam the process must be served
personally within the jurisdiction of the court in which
the action was commenced, upon the person to be af-
fected thereby. This rule prevails, unless a statute
clearly and definitely manifests that a different method
as to service has been promulgated by the legislature":
Heaney v. Mauch Chunk Boro. et al., 322 Pa. 487, 490
(1936).

The common-law rule as to service of process has
been modified in Pennsylvania by statutes which allow
deputized service, under certain circumstances, outside
the county or the State.

"The reason behind modern statutes and rules allow-
ing extra-county or other extra territorial service when
the action is brought in the jurisdiction where the cause
of action arose is that such jurisdiction is the ideal place
for the trial because of the availability of witnesses,
presence there of physical facts relevant to the issue,
and other matters of a similar nature": Hartman et al.
v. Donahue, 142 Pa. Superior Ct. 382, 385, 386 (1940).

The Act of May 1, 1929, P. L. 905, sec. 1208, as
amended, 75 PS §738, permits a plaintiff, if he wishes,
to bring an action for damages arising from the use of
a vehicle in the county where the damages were sus-
tained and to secure deputized service on defendant out-
side the county.

The Sci. Fa. Act of April 10, 1929, P. L. 479, sec. 1,
as amended, 12 PS §141, provided for bringing on the
record an additional defendant by original defendant:
Gossard v. Gossard, supra, found that the plain in-
tendment of this act "was to enable the original de-
fendant to bring in the added defendant, no matter
where he may be found in the State".

After the effective date of Pa. R. C. P. 2275, Koll et
al. v. Pickford et al., 353 Pa. 118 (1945), involving a

factual situation similar to the one here under consideration was decided. In that case it was said: "In *Gossard v. Gossard* . . . this Court was interpreting the broad language of the . . . Sci. Fa. Act of 1929 as amended. . . . The conclusion there reached was sound and necessary because of the specific language of that amendment. That case can have no effect here since that Act and its amendments are suspended absolutely by the Rules of Civil Procedure, Rule 2275." See also Hartman et al. v. Donahue, supra, at page 387.

Pa. R. C. P. 2254(*a*) now controls the service on additional defendant. It provides:

"A defendant or additional defendant shall have the same right of service as though he were a plaintiff." At first blush, it appears that this rule denies defendant in this case the right to deputized service on additional defendant. The Koll and Hartman cases, supra, control the effect of the rule under normal circumstances. They withhold the right to deputized service unless the action was started in the county where the cause of action arose. The present case, however, differs from those in that the party whom defendant wants to bring on the record as additional defendant already appears in the action. He has chosen Philadelphia as the county in which to bring his own suits which have been consolidated with the present two suits. Because of this fact, the reason for permitting or denying deputized service (the eminently fair requirement that, although a defendant need not and may not be compelled to answer to deputized service in whatever county plaintiff chooses, he may be compelled to return to the cause of action county) is not applicable here.

The purpose of the practice of permitting joinder of additional defendant is the saving of the time and money of the litigants and the public, the reduction of the "hazard of loss of evidence between actions, the possibility of death, absence or insolvency of the third

person, and the possibility of inconsistent findings by two juries": Goodrich-Amram, Standard Pa. Practice, Joinder of Additional Defendants, page 7. See also Vinnacombe et ux. v. Philadelphia and American Stores Co. et al., 297 Pa. 564 (1929), at page 569.

In McKay et al. v. Beatty et al., 348 Pa. 286 (1944) is the following language:

"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. . . . It is for this reason that Pa. R. C. P. No. 126 provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' "

Pa. R. C. P. 128 provides: "(a) The Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable". Here defendant sought to be joined who questions the jurisdiction of the court has already appeared on record as plaintiff, and the record wherein he is plaintiff will be combined with that of the suits wherein he is sought to be joined as defendant. To interpret rule 2254(a) so as to forbid his joinder as defendant under these circumstances unless he be personally served would produce a "result that is absurd", and would hinder rather than secure "a just, speedy and inexpensive determination" of the action.

Furthermore, Martin Kitzmiller's appearance as plaintiff in one half of this fourfold action is a previous submission to the jurisdiction, and the joinder, the second half of the action, does not bring him on the record as a new party. See Plank et ux. v. Suskiewicz, 66 D. & C. 482 (1948), opinion by Weiss, J., C. P. Allegheny County, and the portions of 1 Standard Penn-

sylvania Practice cited on page 485 of the Plank case.

The conclusion is, therefore, that Martin Kitzmiller is properly before the court in the suits instituted by Charles M. and Rhea Kitzmiller, and the preliminary objections are overruled.