## Coal & Mineral Washer Corporation v. Maryland Trojan Coal Company

*Owen B. Rhoads*, for plaintiff.

*Medford J. Brown* and *Arthur S. Minster*, for defendant.

Bok, P. J., June 13, 1950.—Plaintiff, a corporation, sued defendant for the balance of the purchase price of a coal mine washing machine.

Defendant petitions for leave to join a partnership as a party plaintiff: it has also filed an answer and a counterclaim against both partnership and corporation. Its reason is that the partners were the actual parties plaintiff and that they put the corporation together in order to make the sale to defendant when they were threatened with a patent suit.

Plaintiff is a Pittsburgh company, defendant a Philadelphia company. The contract sued on was made f. o.b. Pittsburgh and the washing machine was delivered, per contract, to defendant's mine in an upstate county. Under Waverly Nat. Bank v. Hall et al., 150 Pa. 466 (1892), the locus contractus is the place of performance, which in this case was not Philadelphia.

Under Pa. R. C. P. 2131(c) service by sheriff may be had outside the county when the suit is brought in the county where the cause of action arose or a transaction or occurrence took place out of which the cause of action arose. If these conditions are not met, such service is not available: Koll v. Pickford, 353 Pa. 118 (1945).

We regard the locus contractus as being Pittsburgh, since the shipment was f.o.b. that city. And the footage of the counterclaim is the bad performance of the washer at the mine. No occurrence or transaction giving rise to this suit happened in Philadelphia, so far as the pleadings disclose. Defendant's brief says that if the partnership "cannot be prevailed upon" to join, it will be necessary to sue in Pittsburgh, where both partnership and corporation maintain offices, "as the only possible way of enforcing its (i.e. defendant's) claim." This is clear indication that the partners cannot be served in Philadelphia. Nor may they, as shown above, be served in Pittsburgh by deputization in a Philadelphia suit.

There is nothing on the face of the pleadings to show that the partnership is a necessary party. The corporation sued on a contract between it and defendant. Even taking the unanswered petition as true, there is nothing in the record to show that the partnership has been or could be served so as to be in a position to answer. The partnership has, perforce, not appeared. The corporation has filed a brief contra, as any plaintiff would be inclined to do on discovering an effort by defendant to force other plaintiffs into the picture. Although our rules are designed to avoid multiplicity of suits, they have not as yet gone to the extent of requiring that under all circumstances people can be made to run about the State involuntarily prosecuting or defending actions.

It would seem that defendant can sue both partnership and corporation in Pittsburgh on what is now its suggested counterclaim. The whole affair would then be in one court. Defendant would have to travel to Pittsburgh to do it, just as the corporation has had to travel here to start this suit.

Alternatively, defendant asks us to dismiss the complaint because of nonjoinder of the partnership,

which is the real party in interest. This is the same point, and it falls because there is no way to reach the partnership by legal service here.

The complaint is self-sustaining, being a straightaway claim for an unpaid balance. Defendant can pierce the corporate veil by buying a railroad ticket to Pittsburgh.

The rule is discharged.

This makes it necessary to grant defendant leave to file an amended counterclaim, since the present one is directed against the partnership and the corporation and seeks damages from both. Defendant should have filed its petition to join before it filed its answer and counterclaim, since it could not include the partnership before securing leave of court.

The counterclaim is therefore stricken off, with leave to file an amended one within 20 days, if desired. If one is filed, defendant is cautioned to observe the rules requiring conciseness; the present one is a farrago of evidentiary minutiae that have no place in a pleading.

We will make no comment about the answer, which, as we have said above, had better have waited until the petition to join was out of the way. Our action on the petition may impel defendant to rewrite its answer, or it may not. If so, it too could be boiled down considerably: if not, plaintiff may not complain too bitterly, since the diffuse answer gives it notice of many things it might have had to wait until trial to see. The lawyer-like thing to do would be to file a new answer, much shorter, less evidentiary, and less aimed at laying a foundation for the improper counterclaim. Leave to do this within the same 20 days is granted but not insisted upon: there is no motion before us that attacks the answer as such. Our remarks are in the nature of verb. sap.