Vaughan *v.* Womeldorf (et al., Appellant).

Argued November 13, 1950. Before DREW, C. J., STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Joseph F. Weis,* with him *Sherriff, Lindsay, Weis & McGinnis,* for appellant.

*H. A. Robinson,* with him *Dickie, Robinson & Mc-Camey,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 2, 1951:

May a participant in an automobile accident in one county institute a suit in trespass in another county concerning the same accident, and, having secured service on the defendant in that county, successfully resist an application to join such participant as an additional defendant in that suit and also in suits by passengers in his automobile? The learned court below held that Kelly, the additional defendant, could be so joined and be legally served in that county. These appeals followed.

Donald W. Kelly (appellant) was involved in an automobile accident in *Elk County*. He was driving an automobile in which, as passengers, were his wife Florence, his daughter Cassandra, Iva Gantz and Avanell Vaughan. All were residents of *Warren County*. The automobile collided with a tractor trailer operated by Edward Swanson and owned by Darl D. Womeldorf (appellee), doing business as W. I. Womeldorf & Sons, residents of *Allegheny County*.

Three suits were instituted by Morris Greenberg, Esq., a practicing attorney of the Allegheny County Bar, against Womeldorf in *Allegheny County*. Two of the suits were by the women passengers in Kelly's car, and their husbands, and the third by Kelly, his wife, and by Kelly as guardian for his minor daughter.

In each of the three suits the defendant Womeldorf (appellee) petitioned the court for leave to join Kelly (appellant) as an additional defendant and to serve him in Allegheny County by service upon Kelly's attorney, Mr. Greenberg. The petitions were granted.

At common law an action for tort was transitory but it was necessary to serve the defendant personally: *Gossard v. Gossard et al.,* 319 Pa. 129, 178 A. 837. This rule still prevails except where changed by civil rules of procedure or statute: *Heaney v. Mauch Chunk Borough,* 322 Pa. 487, 490, 185 A. 732. It is now provided that in an automobile accident a plaintiff may

bring his action in the county where the damage occurred and may obtain service upon the defendant regardless of where the latter is found, either by deputized service if defendant is located within the Commonwealth or by serving the Secretary of the Commonwealth should the defendant be located outside the Commonwealth: Pennsylvania Rules of Civil Procedure 2076-2082; Act of May 1, 1929 P. L. 905, Art. XII, Sec. 1208, as amended, 75 PS 738.

With respect to additional defendants, this Court held in *Gossard v. Gossard et al.*, supra, that the Sci. Fa. Act of April 10, 1929 P. L. 479, Sec. 1, as amended, 12 PS 141, permitted an original defendant, in case of a collision of automobiles, to bring in the additional defendant regardless of where he was to be found in the State. However, that act was suspended by Pa. R. C. P. 2275. But Pa. R. C. P. 2254 (a) now governs the service of an additional defendant. It provides "A defendant or additional defendant shall have the same right of service as though he were a plaintiff." Rule 1009 (b) provides how a defendant shall be served.

Appellants rely heavily upon *Koll et al. v. Pickford, et al.*, 353 Pa. 118, 44 A. 2d 276, wherein we held, in an opinion by Chief Justice DREW, that under Pa. R. C. P. 2254 an original defendant in an action of trespass which has been instituted in a county other than that wherein the cause of action arose cannot secure legal service upon an additional defendant in another county by deputizing the sheriff of that county to serve the writ. It is to be observed, however, that in that case the accident occurred in Washington County. The plaintiff sued in Allegheny County and legal service was made on the original defendant in that county. The original defendant then petitioned to join as additional defendant a corporation with its registered office in Washington County, and service was attempted to be made by the Sheriff of Allegheny

County deputizing the Sheriff of Washington County.

The distinction between that situation and the present one is readily apparent. In *Koll et al. v. Pickford, et al.,* supra, *the additional defendant never went out of its county.* In the present case plaintiff Kelly, involved in an accident in Elk County, but a resident of Warren County, went into Allegheny County to institute his suit *and submitted himself to the jurisdiction of the courts of that county.* Despite this fact he relies upon the *letter* of the rule. He instituted his own suit in Allegheny County and legally served the original defendant, *but now resists the right of that defendant to include him as an additional defendant in all pending actions against defendant growing out of the same accident.* It would be unrealistic to decide that the additional defendant is *in esse* within Allegheny County to institute suit, but not *in esse* to be served while in that county (being represented therein by an attorney of record), while pursuing his cause of action. No question of deputized service arises in this case. The plaintiff Kelly was already within Allegheny County in connection with *this accident* and was represented by his attorney who was duly served.

Chief Justice Drew in *Koll et al. v. Pickford, et al.,* supra, gave the reason for the statutory provision permitting extra-county service where the automobile accident happened in one county and defendant resided in another county and which has peculiar application to the facts of this case (p. 122): "The reason for allowing extra-county service, is so that actions will be brought where the accident or occurrence happened, that being the ideal place for trial because of the availability and convenience of witnesses, the presence of relevant physical facts, and other such matters. This is eminently fair to both parties."

Many advantages will accrue from a liberal construction of the procedural rules. In *Kitzmiller v. Rom-*

*pala et al.,* Common Pleas Court No. 7, of Philadelphia County, March Term, 1949, No. 1922, Judge CRUMLISH said: "The purpose of the practice of permitting joinder of the additional defendant is the saving of the time and money of the litigants and the public, the reduction of the 'hazard of loss of evidence between actions, the possibility of death, absence or insolvency of the third person, and the possibility of inconsistent findings by two juries:' Goodrich-Amram, Standard Pennsylvania Practice, Joinder of Additional Defendants, page 7. See also Vinnacombe et ux. v. Philadelphia and (American Stores Co. et al., 297 Pa. 564 (1949)), at page 569." See also *Hartman et al. v. Donahue et al.,* 142 Pa. Superior Ct. 382, 16 A. 2d 691. Since additional defendant has instituted his suit in Allegheny County, none of the disadvantages of making a defense in a county other than the one where the accident occurred, will be present. One purpose of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action and applicable rules should, if possible, be construed to accomplish this purpose: *Simodejka v. Williams,* 360 Pa. 332, 62 A. 2d 17. Pa. R. C. P. 126 states: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." In *McKay et al. v. Beatty, et al.,* 348 Pa. 286, 35 A. 2d 264, this Court stated: "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered." Cf. *Plank et ux. v. Suskiewicz,* 66 D. & C. 482.

Orders affirmed.