16

## Hill v. Webster et al.

*Richter, Lord & Farage,* for plaintiff.

*J. W. Henderson,* for defendants.

*J. B. Martin,* for additional defendant.

OLIVER, P. J., April 10, 1953. — On September 11, 1952, an accident involving two automobiles occurred in Montgomery County. One car was driven by Helen H. Bateman, a resident of Delaware County, and the other was driven by Donald Vickers, a resident of Philadelphia County. On October 10, 1952, Helen H. Bateman, together with her husband, filed a complaint against defendants in the Court of Common Pleas No. 1 of Philadelphia County. On the same day Mary M. Hill, a passenger in the car driven by Helen H. Bateman, filed her complaint in the instant case. Both complaints state claims arising out of the same motor vehicle accident.

Defendants thereafter joined Helen H. Bateman, as additional defendant in the instant case by deputizing the Sheriff of Delaware County to serve the writ to

join additional defendant, and defendants' complaint, on Helen H. Bateman. Thereupon, preliminary objections to defendants' complaint were filed in the nature of a motion to dismiss for lack of jurisdiction of this court over the person of additional defendant.

The preliminary objections to defendants' complaint raise the following question: Where an action in trespass, arising out of one set of facts, is commenced in one of the common pleas courts of a county other than the cause of action county, may that court obtain jurisdiction over the person of a resident of a third county by deputized service, in order to join such person as an additional defendant, where that party has, himself or herself, commenced an action in trespass in another common pleas court of the same county against the same defendants and arising out of the same set of facts.

"When an action against an individual is commenced in the county where the cause of action arose, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had": Pa. R. C. P. 1043.

This right to deputized service is also given to defendant where he seeks to join an additional defendant: Pa. R. C. P. 2254(a). However, where an action is commenced in a county other than that in which the cause of action arose, the question is raised as to defendant's right of service upon an additional defendant residing in yet another county.

If additional defendant is content to stay at home, the cases clearly establish that he is not subject to deputized service by defendant, the rationale being that although additional defendant may be compelled to return to the cause of action county, it is unfair to compel him to answer to deputized service in whatever

county plaintiff may choose: Koll et al. v. Pickford et al., 353 Pa. 118 (1945) ; Hartman et al. v. Donahue et al., 142 Pa. Superior Ct. 382 (1940).

In the instant case, however, additional defendant has not remained at home, but has submitted herself to the jurisdiction of the courts of this county by the institution here of her own suit against defendants. Inasmuch as additional defendant has entered this county of her own free will, the reasons for denying defendants the right of deputized service are not here applicable: Vaughan v. Womeldorf et al., 366 Pa. 262 (1951) ; Kitzmiller v. Rompala et al., 74 D. & C. 337 (1950).

The above cases, involving factual situations almost identical to the one here under consideration, permitted deputized service upon additional defendant or service upon his attorney of record. Additional defendant, however, relying heavily upon Koll et al. v. Pickford et al., supra, has attempted to distinguish these cases, first, on the ground that the actions brought by plaintiff and additional defendant have not been consolidated for trial as in Kitzmiller v. Rompala et al., supra, and, secondly, on the ground that here the actions were instituted in separate courts (although in the county) while all of the actions involved in Vaughan v. Womeldorf, supra, were instituted in the one Common Pleas Court of Allegheny County.

These distinctions, however, while they do exist, are completely artificial, and therefore are not controlling. Assignments of cases to the several Common Pleas Courts of Philadelphia are made automatically by a machine and are completely fortuitous. It would be a procedural fiction to hold that, because additional defendant's action was instituted in Common Pleas Court No. 1 she has not submitted to the jurisdiction of this court in another action arising out of the same automobile accident. Mr. Justice Allen M. Stearne,

in Vaughan v. Womeldorf, supra, ignored the fact that the actions were not consolidated for trial, holding it sufficient that additional defendant had submitted to the jurisdiction of the *courts* of Allegheny County. On page 265 of his opinion he stated:

"It would be unrealistic to decide that the additional defendant is *in esse* within Allegheny County to institute suit, but not *in esse* to be served while in that county (being represented therein by an attorney of record), while pursuing his cause of action."

In Kitzmiller v. Rompala et al., supra, Judge Crumlish of this court stated at page 340:

"The purpose of the practice of permitting joinder of additional defendant is the saving of the time and money of the litigants and the public, the reduction of the 'hazard of loss of evidence between actions, the possibility of death, absence or insolvency of the third person, and the possibility of inconsistent findings by two juries': Goodrich-Amram, Standard Pa. Practice, Joinder of Additional Defendants, page 7."

To this end, Pa. R. C. P. 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

No legitimate end of justice would be served, in this instance, by slavish adherence to the letter of the Rules of Civil Procedure. Helen H. Bateman is not prejudiced by her joinder as additional defendant, inasmuch as she is already within this county in a common pleas court and there represented by an attorney of record. Pa. R. C. P. 128 provides:

"(a) That the Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable."

"To interpret rule 2254 (a) so as to forbid his joinder as defendant under these circumstances unless he be personally served would produce a 'result that is absurd', and would hinder rather than secure 'a just, speedy and inexpensive determination' of the action": Kitzmiller v. Rompala, supra, at page 341.

Helen H. Bateman is properly before this court, and the preliminary objections are overruled; defendant given leave to file an answer in due course.