## Snyder v. Sankey

*L. Pat McGrath*, for plaintiff.

*H. F. Lang; Pringle, Bredin, Thomson, Rhodes & Grigsby*, for original defendant.

*Richard D. Klaber; Dickie, McCamey, Chilcote & Robinson*, for additional defendant.

ALDISERT, J., November 3, 1967.—Plaintiff, Snyder, brought an action against F. Paul Sankey and Rebecca Sankey, his wife. Paul Sankey counterclaimed against plaintiff Snyder. Plaintiff, in his defense of the counterclaim, now seeks to bring in Rebecca Sankey as an additional defendant in the counterclaim. Rebecca Sankey takes the position that this cannot be done and files preliminary objections to the complaint attempting to join her as an additional defendant.

She bases her position on Pennsylvania Rule of Civil Procedure 2252 (a) :

"In any action the defendant or any additional defendant may file as a course a praecipe for a writ, or a complaint, to join as an additional defendant *any person not a party to the action* who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him". (Italics supplied.)

She says that only a person "not a party to the action" may be joined as an additional defendant, and that since she is an original defendant to plaintiff's complaint, she may not be joined as an additional defendant in the counterclaim.

The procedure of joining an additional defendant was first created by statute in Pennsylvania by the Act of April 10, 1929, P. L. 479, 12 PS §141, as amended. Early decisions interpreting these acts indicate there was no common-law right to bring in an addition-

al defendant and that such right was created by statute: Gossard v. Gossard, 319 Pa. 129. At common law, if the cause of action was purely joint and only one defendant was named, his relief was an application to abate the action because of the nonjoinder of a necessary party; he did not have the authority, as a matter of right, to bring in the missing defendant: Goodrich-Amram, Vol. 3, p. 3. Pennsylvania statutes dealing with additional defendants have been suspended by Pa. R. C. P. 2275, and the practice is now governed exclusively by the Pennsylvania Rules of Civil Procedure.

Pa. R. C. P. 2251, as orginally promulgated, declared:

"As used in this chapter [Joinder of Additional Defendants] 'action' means any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules. *'Defendant' means any party originally named as a defendant, any plaintiff against whom a counterclaim or set-off is asserted, and any party subsequently added to the record under the provisions of these rules*".

Subsequent amendments have deleted the italicized portion of the above rule.

Similarly, an early version of Pa. R. C. P. 2259 provided:

"(c) In any action in which a counterclaim or set-off is asserted by a defendant against a plaintiff, the plaintiff shall have all the rights of a defendant under these rules to bring additional parties upon the record. Such additional parties shall have all the rights of additional defendants under these rules".

However, rule 2259, as well as all former rules 2258-63, were superseded by order filed December 20, 1942, which adopted the provisions relating to "Joinder of Additional Defendants" as now set forth in rules 2251-57, 2274, and 2275.

Stripped of the original definition of defendant as originally contained in Pa. R. C. P. 2251, and the former Pa. R. C. P. 2259 (c), plaintiff, in an action wherein a defendant has counterclaimed against him, no longer falls into the nomenclature "defendant". Today, the right to bring in an additional defendant is expressly confined to the "defendant or any additional defendant" : Pa. R. C. P. 2252.

After carefully reviewing all the rules which are now in effect, we hold that a plaintiff, against whom a counterclaim has been asserted, may not bring in an additional defendant: J. Landau and Company, Inc. v. L-Co Cabinet Corp., 33 D. & C. 2d 300.

Despite this analysis of the basic issue involved, there is another important factor to be considered. Pa. R. C. P. 2252 limits joinder of additional defendants to "any person not a party to the action". Rebecca Sankey, an original defendant in the action, is a "party to the action". As President Judge Charles Sweet, of the Washington County Common Pleas Court, observed in Watt v. Wright, 42 D. & C. 2d 353:

"Unless the framers of the rule were guilty of uttering idle surplusage, the phrase, 'not a party to the action', means just what it says: one may join any person not a party to the action".

We shall sustain the preliminary objections and strike the complaint to join Rebecca Sankey as an additional defendant to the counterclaim.

## ORDER

And now, November 3, 1967, after oral argument and consideration of briefs, it is ordered, adjudged and decreed that the preliminary objections filed by defendant Rebecca Sankey be and the same are hereby sustained and that the complaint of plaintiff to join Rebecca Sankey as an additional defendant on the counterclaim be and the same is hereby stricken.