## Groff v. Meloche et al.

*Harry Fischer*, for plaintiff.

*M. L. Ciccarelli*, for defendants.

FLOOD, J., April 29, 1954.—In this case, plaintiff, a passenger in the car of defendant Gift, sued him and Meloche, the driver of the other car in an accident in which plaintiff alleges she was injured. Gift, a resident of Berks County, was served by deputized service

at his home. Prior to the service, Gift had brought a suit based upon the accident against Meloche in Philadelphia County.

Gift filed preliminary objections to the deputized service in this case upon the ground that the accident happened in Montgomery County.

There is no provision in the statutes or the Pennsylvania Rules of Civil Procedure for deputized service in a suit started anywhere except in the county of the accident. Plaintiff, however, argues that the case of Vaughan v. Womeldorf et al., 366 Pa. 262 (1951), justifies his procedure. In that case, Kelly, the driver of one of the cars in an accident happening in Elk County, sued the other driver, Womeldorf, in Allegheny County. Kelly's passengers had also sued Womeldorf in Allegheny County. Womeldorf sought to join Kelly as an additional defendant in the suit brought against him by Kelly's passengers. Kelly objected that he was a resident of Warren County and, since the accident happened in Elk County, he could not be subjected to the jurisdiction of the Allegheny County courts except by personal service. Service was made on Kelly, not by deputization and not personally, but by service upon the attorney who represented him in the Allegheny County suit. The court held that this service was proper and that Kelly, by suing in Allegheny County, had submitted himself to the jurisdiction of the courts of that county and could not successfully resist being brought into the suit commenced by the other parties because of the letter of the rule.

We see no substantial difference in the matter before us and the case of Vaughan v. Womeldorf, supra. Here, too, Gift by suing in Philadelphia has submitted himself to the jurisdiction of the courts of this county with regard to this accident and, therefore, cannot successfully resist being brought into the other suit growing out of the accident. We see no difference between

bringing him in as a defendant, as is sought here, and bringing him in as an additional defendant as was done in the Vaughan case.

He also objects that the service is not the same as in the Vaughan case. Here there was deputized service which is not authorized by the rules, whereas in the Vaughan case there was service upon defendant's attorney. But service upon the attorney was not authorized by the rules either.

The rationale of the Vaughan case, as we see it, is that, if a party by bringing suit chooses his venue for litigating his rights growing out of the accident, he submits to that county's courts with regard to his liability growing out of it. Since the whole decision seems to turn upon jurisdiction based upon consent, the only thing that would seem to be necessary to bring Gift into the litigation is to get notice to him. In the Vaughan case this was done by service upon his attorney, a method not authorized by the rules. Here it was done by deputized service, certainly as good a method, if not a better one, than serving Gift's attorney.

The obvious advantage of disposing of this whole matter in one proceeding confirms our conclusion.

The preliminary objections are overruled.