## Konopka v. Pittsburgh Coke & Chemical Co.

*Evans, Ivory & Evans,* for plaintiff.

*Donald M. Bane* and *Prichard, Lawler & Geltz,* for defendant.

*Dickie, McCamey, Chilcote, Reif & Robinson,* for additional defendant.

THOMPSON, J., June 29, 1955.—Plaintiff sustained personal injuries at the plant of the Pittsburgh Coke & Chemical Co., original defendant. At different times the Koppers Company, Inc., and the Pittsburgh-Des Moines Steel Company, a partnership, and certain individuals, who were copartners, were brought in as additional defendants.

The Pittsburgh-Des Moines Steel Company, a partnership, and Amos C. Pearsall, Ruth H. Jackson, John E. Jackson and William R. Jackson, individually and as copartners, who have been made additional defendants, filed preliminary objections in the nature of a motion to strike the writ and complaint against them from the record.

The accident occurred on May 17, 1952.

On March 1, 1955, plaintiff filed an amendment to his complaint amending the nature of the injuries sustained by him and on April 18, 1955, original defendant filed its complaint against the Pittsburgh-Des Moines Steel Company, a partnership, and the individual partners who have been named above. It will be observed that the complaint to bring in the last named additional defendants was filed nearly three years after the cause of action arose.

The preliminary objections, which are 14 in number, in substance aver that the objectors were not brought in as additional defendants until the statute of limitations had run against the claim for the personal injuries sustained and that although the said complaint was filed within a period of 60 days after plaintiff had amended his complaint that: "The Praecipe and Complaint against these additional defendants, although

filed within 60 days from the date of the amendment to plaintiff's Complaint, was not timely for the reason that the said amendment did not change the cause of action nor the parties herein"

In bringing in these last named additional defendants, original defendant has acted under Rule of Civil Procedure 2253, which reads as follows:

"No praecipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff *or any amendment thereof* unless such filing is allowed by the court upon cause shown." (Italics supplied.)

The original defendant in its brief states that two questions are involved:

"(1) Did not the additional defendant, by obtaining an order of continuance of the trial, appear generally and waive all objections to its joinder?

"(2) Was not the original defendant's joinder of the additional defendant both permissible and proper?"

Additional defendants, who have filed the preliminary objections, urge certain reasons why their seeking a continuance of the trial did not operate as a waiver. Since we have concluded that the preliminary objections should be dismissed for the second reason, we pass over this first reason and base our conclusion upon the fact that the record indicates that original defendant in seeking to bring in these additional defendants has acted pursuant to the terms of rule 2253 above quoted. In the discussion of this rule, Anderson Pennsylvania Civil Practice vol. 4 at page 423 states:

"It is immaterial whether the amendment makes any material change in the original complaint. The fact that the amendment is merely the correction of a formal detail does not alter the application of this rule."

Also Goodrich Amram in their comments on the same rule nos. 2253-4 state in vol. 2, p. 41:

"The rule provides that any amendment of the plaintiff's pleading entitles the defendant to a new period of sixty days thereafter in which to file the petition. This will apply to any amendment. It makes no difference whether the amendment is made by stipulation of counsel, after the court sustains an attack upon the form or the sufficiency of the plaintiff's pleading, or pursuant to an order entered at a pretrial conference. It might also include an amendment made at trial, if the scope of the amendment were broad enough to warrant a joinder where none was warranted on the original pleadings. . . . The rule grants the extra period without regard to the materiality of the amendment which is made."

This point under discussion has come before several common pleas courts in Pennsylvania. In Brown v. Huber, 35 Del. Co. 485, the opinion was written by Ervin, P. J., now one of the judges of the Superior Court. After quoting rule 2253 the opinion of the court continues at page 487:

"The additional defendant admits that a casual reading of this rule would permit the joinder as to the claim of both Mr. and Mrs. Brown and that the joinder as to the claim of Mr. Brown has been accomplished within the time prescribed. He argues, however, that the joinder as to the claim of Mrs. Brown should not be permitted because the defendant did not attempt to issue the writ within sixty days after the filing of her original complaint and *that the amended complaint makes no material change in the nature of her claim.* He cites as authority the case of Basler v. Gerhard, 40 D. & C. 255. However, the additional defendant fails to consider the procedure established by the Penna. Rules of Civil Procedure at the time the Basler case was decided and the procedure prescribed by the rules at the present time. Prior to December 30, 1942,

the joining of an additional defendant was not a matter of course but the rules prescribed that the original defendant should present a petition to the court for leave to do so. This naturally presumed that some discretion was vested in the court as to whether or not it would grant such leave. However, on the former date the present rules became effective and no petition to the court is necessary. In lieu thereof the original defendant or any previous additional defendant may issue a praecipe as a matter of course if he acts within the time limit prescribed by Rule 2253. Therefore, the element of discretion is no longer present and the only function of the court is to construe the language of the rule itself. The rule permits the praecipe to be filed not 'later than sixty (60) days after the service upon the original defendant of the additional pleading of the plaintiff *or any amendment thereof.*' The rule makes no distinction between a material amendment or an immaterial amendment." (Italics supplied.)

The language of rule 2253 is, we think, free from ambiguity. The operation of the rule tends to consolidate all the actions which grow out of one accident and to expedite the business of the court. Our own court has a large backlog of cases which it is endeavoring to remove. We do not feel warranted in following the interpretation of rule 2253 which the learned counsel for additional defendants now requests. We might also add that we are now following the action of our own court where this same question has arisen heretofore.

The preliminary objections of the Pittsburgh-Des Moines Steel Company, a partnership, et al., will, therefore, be dismissed.

### Order of Court

And now, to wit, June 29, 1955, the preliminary objections filed on behalf of the Pittsburgh-Des Moines Steel Company, a partnership, et al., are dismissed.