## Stauffer v. Sutton

*Harry P. Creveling*, for plaintiff.

*Scoblionko & Frank*, for defendant.

*Wilbur C. Creveling, Jr.*, and *Robert B. Doll*, for additional defendants.

HENNINGER, P. J., July 15, 1958.—In this case plaintiff, on November 7, 1956, sued Alfred Sutton, original defendant, for $570 for damages to his automobile as a result of a collision with the automobile of Sutton on July 16, 1956.

On August 5, 1957, Sutton filed preliminary objections to the jurisdiction and to the vagueness of the complaint, which were resolved by an order of the court on November 18, 1957, allowing clarifying amendments relating to the place of accident and the method of arriving at the damages.

On December 4, 1957, Sutton filed a praecipe to join as additional defendants J. Timothy Stauffer, Preston Moyer and Ernest G. Freed, and on the same day filed a complaint against the additional defendants.

On December 16, 1957, W. C. Creveling, Esq., was appointed guardian ad litem for J. Timothy Stauffer, a minor. The guardian, on February 5, 1958, filed preliminary objections by way of motion to strike off the complaint against the additional defendants because it was not filed within 60 days after service of the original complaint.

Merely to strike off the complaint would serve no good purpose because we would be compelled to permit the filing of an amended complaint: Pa. R. C. P. 1028(*d*). This would merely cause additional delay in an action already too long delayed. Furthermore, piercing the veil, J. Timothy Stauffer is plaintiff's son, plaintiff's counsel moved for the appointment of a guardian ad litem, the guardian is a colleague of plain-

tiff's counsel and the omitted pleading was the original complaint filed by plaintiff's counsel. Surely the omission of the original complaint has not prejudiced additional defendant.

The other objection is that the praecipe for joinder was not filed within the proper time, for which additional defendant Stauffer relies upon Pa. R. C. P. 2253, which reads:

"No praecipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Our sympathies are entirely with the proposition presented by additional defendant. There is nothing in plaintiff's amendment of November 18, 1957, which furnished defendant with information upon which the joinder is based. This is particularly true so far as J. Timothy Stauffer is concerned. He is named in the original complaint as John T. Stauffer, the driver of plaintiff's car. There is no good reason why defendant should not have acted at once to join him as a party.

Defendant is taking advantage of the technicality that an amendment was allowed on November 18, 1957, to extend the time for joining the additional defendants. Unfortunately, we are compelled to permit the joinder. The words of Pa. R. C. P. 2253 "any amendment thereof" are too broad for us to interpret them as "any pertinent amendment" or other words of like effect. Since there was an amendment filed on November 18, 1957, Sutton had the right to join additional defendants within 60 days after that date.

Now, July 15, 1958, the preliminary objections of additional defendant, J. Timothy Stauffer, are dismissed and an answer may be filed, if desired, within 20 days after service of this order upon his counsel.