## Haverstein v. Robinson

Before Shughart, P. J., and Jacobs, J.

*Garber & Garber*, for plaintiff.

*Myers, Myers & Flower*, for defendant.

*Clinton R. Weidner*, for additional defendant.

SHUGHART, P. J., May 13, 1959.—Plaintiff filed a complaint in the above action on October 2, 1958, and it was served on the original defendant Luther Robinson on October 6, 1958.

On January 15, 1959, or approximately 100 days after service of the complaint, a stipulation was filed by the attorneys for plaintiff and defendant stating that: ". . . in lieu of the filing of Preliminary Objections, and amending the Complaint pursuant thereto, the Plaintiff shall amend this Complaint to show the time spent in the hospital, together with the dates, and to amend the demand to '$5,000.00 and upwards' in accordance with the Rules of Civil Procedure."

On the same date an amended complaint was filed as provided by the stipulation.

On February 5, 1959, defendant Luther Robinson filed a complaint and issued a writ to join Arlene E. Haverstein as an additional defendant. The complaint avers that Arlene E. Haverstein, who is the wife of plaintiff, was the operator of a vehicle in which her husband John T. Haverstein was a passenger at the time of the accident which resulted in this suit.

The additional defendant has filed a preliminary objection to the writ and the complaint filed by defendant.

Pa. R. C. P. 2253 provides that no additional defendant shall be joined "later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff *or any amendment thereof* unless such filing is allowed by the court upon cause shown." (Italics supplied.)

Counsel for the additional defendant contends that the amendment to the complaint in this instance was made in an effort to circumvent the requirement for the court's permission to join more than 60 days after the filing of the initial complaint and therefore should be stricken.

The nature of the amendment would indicate that the purpose was to extend the period for joining an additional defendant rather than to give defendant vital or important information regarding plaintiff's claim. If this joinder is permitted, it is clear that the 60-day provision for joining additional defendants will become meaningless in any case where plaintiff does not object to the joinder.

It is equally clear, however, that the text writers and the cases have indicated that the rule should be literally interpreted, and that regardless of the purpose of the amendment to the complaint, a new 60-day period within which an additional defendant can be joined is started by the filing of an amendment to the complaint.

"The Rule grants the extra period without regard to the materiality of the amendment which is made. Under the original Rules, [governing the joinder of additional defendants] the court had the discretion to refuse to permit the joinder of a defendant within sixty days after an amendment of the plaintiff's statement of claim if the amendment did not make any material change to the statement." Under the new rules, the court does not possess such power and an additional defendant may be joined as of course within 60 days after the service of any amendment of plaintiff's initial pleading upon the original defendant. The fact that the amendment makes no material changes to the original pleading of plaintiff does not affect this right: 3 Goodrich-Amram, Procedural Rules Service, §2253-4. See also 4 Anderson, Pa. Civ. Pract., rule 2253, Comment. p. 423.

This same result was reached in Brown v. Huber, 35 Del. Co. 485, in an opinion by Judge Ervin, now a Judge of the Superior Court. Judge Ervin stated that the limitation on the joinder of the additional defendant was for the protection of plaintiff so that his cause of action would not be delayed by successive joinders of additional defendants and not for the protection of the additional defendants joined. Therefore, where plaintiff, as in the instant case, not only does not complain of the joinder but by his action makes it possible, there can be no basis for the refusal of the joinder.

In the case of Heisey v. Horne, 9 Cumberland 88, the writer of this opinion struck off the joinder of an additional defendant following an immaterial amendment to the complaint. The decision in that case is distinguishable from the instant case on several grounds. In that case defendant had requested leave to join an additional defendant some 11 months after the complaint had been filed. This permission was refused; then approximately 10 months after the petition to join the additional defendant had been filed, but prior to the date the order refusing the joinder was entered, defendants filed a preliminary objection to plaintiff's complaint, which had been filed 15 months earlier, complaining that plaintiff had failed to itemize the sums claimed for medical services, drugs, braces and equipment. Following the order refusing the petition to join the additional defendant, plaintiff, prior to argument on motion for a more specific complaint, agreed to and did amend his complaint as requested.

After the filing of the amended complaint defendants joined the additional defendant whose joinder had previously been refused by the court.

The court struck off the complaint against the additional defendant on the grounds that to permit

the joinder would bring about a circumvention of an order refusing the joinder of the same additional defendant entered three years earlier.

Further, in the Heisey case the statute of limitations had barred a suit by plaintiff against the additional defendant, which is not the case here.

It does appear that there may be some reasons for prohibiting the extension of the time for joining additional defendants by the device employed here, but if there be such objection the correction rests with the procedural rules committee and not with the courts.

And now, May 13, 1959, at 10:30 a.m., for the reasons given, the preliminary objection of the additional defendants is overruled, and the additional defendant is given 20 days within which to file an answer.