## Carlson v. Hickey

*Joseph G. Feldman*, for plaintiff.

*Edward C. German*, for defendant.

*John J. McDevitt, 3rd,* for additional defendant.

KELLEY, J., April 11, 1963.—This matter is before the court on the preliminary objections of the additional defendant, Chevrolet Division of General Motors Corporation, to the original defendants' complaint joining it as additional defendant.

Plaintiff, Howard W. Carlson, sustained injuries while working at Town Hall in Philadelphia on September 18, 1956. Subsequently, plaintiff instituted the separate trespass actions against James F. Hickey, Bankers Realty Corporation and Albert M. Greenfield & Company, Inc., respectively, and each of these defendants brought on the record Chevrolet Division of General Motors Corporation as additional defendant.

Briefly stated, the issue raised by the preliminary objections is whether the above defendants may properly join Chevrolet as an additional defendant approximately six years after plaintiff's cause of action arose and about four and one-half years after the original suits were instituted even though the joinder was within 60 days of the filing of an amended complaint by plaintiff.

Pennsylvania Rule of Civil Procedure 2253 provides that a joinder must be commenced within 60 days after service upon the original defendant of the initial pleading of the plaintiff *or any amendment thereof.* (Italics supplied.) The language of the rule is clear and does not permit us to differentiate between an amendment which might be deemed to change the cause of action and one which merely elaborates the damages as in this case: Stauffer v. Sutton, 17 D. & C. 2d 26 (1957); Haverstein v. Robinson, 19 D. & C. 2d 258 (1959). Since the original defendants commenced the joinder within 60 days of the filing and service of the amended complaints of the plaintiff, we are unfortunately compelled to permit the joinder: Konopka v. Pittsburgh Coke & Chemical Co., 5 D. & C. 2d 472 (1955).

The seemingly anomalous result of permitting such a late joinder is partially explainable in terms of the underlying purpose of Pa. R. C. P. 2253. The limitation on the joinder of an additional defendant is for the protection of the plaintiff so that the trial of his

cause of action will not be delayed by successive joinders of additional defendants. Where plaintiff amends his complaint and thus by his action makes a joinder possible, there is no basis for refusing such joinder: Haverstein v. Robinson, supra; Brown v. Huber, 35 Del. Co. 485 (1948).

In any event, the clear language of the rule leaves us no alternative but to permit the joinder.

Accordingly, we enter the following

### Order

And now, to wit, April 11, 1963, the preliminary objections of the additional defendant, Chevrolet Motors Division, General Motors Corporation, are hereby dismissed.