## Agatone v. D'Antonio

*Garland D. Cherry*, for plaintiff.

*Malcolm B. Petrikin, Robert W. Beatty, Edwin E. Lippincott, 2nd*, and

*Lutz, Fronefield, Warner & Bryant*, for defendants.

*Donald H. Pugh* and *Joseph T. Doyle*, for additional defendants.

DIGGINS, J., July 12, 1963.—Plaintiff, Thomas Agatone, commenced an action in trespass in the Court of Common Pleas of Delaware County on March 15, 1961, claiming property damages and personal injuries by reason of an automobile accident.

The original complaint joined four defendants; that is, D'Antonio Construction Co., Inc., Joseph Marcasciano, Wayne G. Lyster & Sons, a partnership, and the Borough of Glenolden. Service was made upon all four defendants by April 26, 1961.

On August 3, 1961, a stipulation was filed by counsel for plaintiff and counsel for defendant, D'Antonio Construction Company, amending the caption and allowing the joinder of four added defendants; namely, Albert D'Antonio, William D'Antonio, Dominic D'Antonio and Mario Puracchio, all added defendants trading as D'Antonio Construction Company, a partnership. This stipulation between counsel reads in part:

"It is further stipulated that the above named defendants waive the need for service upon them of further or additional complaints in trespass."

An amended complaint was filed on December 14, 1962, 16 months later. There were additional pleadings which are not germane to this issue.

On January 25, 1963, defendants, Albert, William and Dominic D'Antonio and Mario Puracchio, all members of the partnership trading as D'Antonio Construction Company, filed a defendants' complaint against Joseph Marcasciano and Drexel Holding Company, additional defendants, alleging that the said additional

defendants are alone liable and/or liable over to defendants and/or liable jointly and severally with defendants, to which defendants' complaint the Drexel Holding Company, additional defendant, filed preliminary objections on April 5, 1963, and it is on this issue that the matter is now before the court.

These preliminary objections raise various points and these will be discussed ad seriatum:

The first question raised by the objections is whether or not the complaint to join the additional defendant, Drexel Holding Company, was served in time. This has now been resolved and it is agreed that the time requirement was met.

The second objection is whether or not the defendants' complaint should be stricken for failure to serve upon additional defendant, Drexel Holding Company, copies of papers theretofore filed. It would appear that Rule 2254 does require service of copies of auxiliary pleadings with the defendants' complaint. Nevertheless this is held to be directory and not fatal; but in any event, the question is moot because all such pleadings have now been served upon the additional defendant.

The next question raised in the objections is whether or not defendants' complaint to join Drexel Holding Company was filed within 60 days after service upon the original defendant of the initial pleadings of the plaintiff, or any amendment thereof. This question is resolved by Rule 2253 as follows:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

The record shows that the terms of this rule have been met because the defendants' complaint was served within 60 days after the amendment.

The commentary under Rule 2253-4 indicates that any amendment of plaintiff's pleading entitles defendant to a new period of 60 days thereafter in which to initiate the joinder. This will apply to any amendment. It makes no difference if the amendment is made by stipulation of counsel or pursuant to an order of court. It might also include an amendment made at pretrial, if the scope of the amendment were broad enough to warrant a joinder, where none was warranted on the original pleadings. Here, however, the court would have broad discretion to refuse the application because of the delay incident to the new proceedings. The rule grants the extra period without regard to the materiality of the amendment which is made. This is a departure from the former rules under which the court had the discretion to refuse to permit the joinder of a defendant within 60 days after an amendment of plaintiff's statement of claim if the amendment did not make any material change to the statement. This particular amended complaint does not make any material change but merely brings the statement in line with some former amendments made by stipulation, and updates the medical damages, loss of wages, etc.

However, the commentary goes on to state that under the present rule the fact that the amendment is formal or trivial will not affect the right of the first defendant to use the amendment as a justification for a new time period within which to join the additional defendant: See Stauffer v. Sutton, 17 D. & C. 2d 26; Konopka v. Pittsburgh Coal & Chemical Co., 5 D. & C. 2d 472; Brown v. Huber, 35 Del. Co. 485; and Beatty v. Borough of Wilkensburg, 104 Pitts. L. J. 163.

However, the commentary further suggests that if the amendment is made long after the period for joinder

has expired, and is the result of an agreement between plaintiff and the first defendant for the amended complaint, solely for the purpose of creating an opportunity for the joinder of the additional defendant and not for the purpose of a useful amendment of the complaint, the court will refuse to permit the late joinder: Heisey v. Horne, 9 Cumb. 88.

The circumstances here raise a suspicion, but there is nothing on the record to support a finding that the filing of the amended complaint was a collusive act between plaintiff and the original defendants for the sole purpose of creating an opportunity for joinder of the additional defendant; but in the absence of convincing proof thereof, it must be assumed that the amendment is proper.

The next objection raises the question of whether or not plaintiff's amended complaint was properly filed in accordance with Pa. R. C. P. 1033, which requires all amended pleadings to be either approved by the court or have the consent of the adverse party. We do not agree that the additional defendant has properly stated this rule in the objections. Rule 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

It is contended here that the amendment was filed by consent of all parties to the record and it is argued that this consent was orally had by all of the then parties to the record and done at the pretrial conference. At this time, the additional defendant, Drexel Hold-

ing Company, was not a party. However, this consent was not entered in the record of the case until the day of argument at which time it was reduced to writing and filed as a nunc pro tunc consent by all parties of record as of the date of the pretrial conference. If there were truly a nunc pro tunc action now adversely affecting the additional defendant, we would doubt its effectiveness, but it appears not to be such. It appears merely to be a confirmation on the record of a previous agreement made at the pretrial conference.

This brings us to the fifth objection which raises the question as to whether or not defendant, D'Antonio Construction Company, has alleged sufficient facts in its complaint to support its contention that the additional defendant is alone liable and/or liable over to defendant and/or liable jointly or severally with defendant to the extent of the whole amount which may be recovered by plaintiff.

An examination of the defendants' complaint against the additional defendant convinces us that sufficient facts are pleaded to support the contention that the additional defendant is alone liable and/or liable over to defendant and/or jointly and severally with defendant to the extent of the whole amount which may be recovered by plaintiff and therefore the joinder is proper in accordance with Rule 2252 (a).

The next objection raises the question of whether or not the additional defendant can avail himself of the defense of the statute of limitations and whether or not the defense of the statute of limitations is properly raised by a demurrer. There are two such statutes involved. The statute for liability alone on the property damages claimed is six years and this is true as to liability over. However, the statute has run as to personal injuries in the sole liability only. Normally the statutes of limitations, being an affirmative defense, cannot be

raised by a demurrer and should be affirmatively pleaded and proved. This is the procedure under Rule 1030.

However, the commentary suggests that the statute of limitations may be raised by demurrer if the cause of action is statutory and the statute affects the cause of action itself rather than merely the remedy, or where the bar of the statute appears on the face of the complaint. When the statute of limitations goes to the foundation of the action and is therefore a substantive qualification of the right of action, it extinguishes that right when suit is not brought in time. The defense may therefore be raised under the circumstances at any stage of the proceedings which brings us to the conclusion that as to the sole liability for personal injuries, the question is properly raised by demurrer here and will be sustained on that point.

No doubt this same objection encompasses the question of whether or not the additional defendant can be thus brought into the action after the statute of limitations has run on a direct suit by plaintiff against the additional defendant. This question is to be considered under the terms of Rule 2252(a) and the Commentary at 2252(a)-9 suggests that if the statute of limitations prevents a direct suit by plaintiff against the additional defendant, it is obvious that the latter should not be joined on the ground that he is alone liable to plaintiff. Since the statute bars plaintiff from any recovery against the additional defendant, and since plaintiff makes no claim against him, his joinder would be useless. Plaintiff may amend his complaint against the additional defendant to allege joint liability or liability over and omit any claim of sole liability under such circumstances. Such an amendment may cure the defect and joinder then be authorized.

If, however, defendant alleges facts showing that the additional defendant is liable over to him, joinder

is proper. The fact that the statute of limitations will bar plaintiff from a direct recovery against the additional defendant can have no effect on defendant's right to enforce his claim of contribution or indemnity.

The seventh objection raised is a duplication of the sixth objection and is disposed of for the same reasons.

The opinion and order to be made do not materially affect the additional defendant because on the issue of joint and several liability, defendant could bring a separate suit to require the additional defendant to answer over in the event of a verdict against defendant.

Therefore, we make the following

*Order*

And now, to wit, July 12, 1963, the demurrer be and the same is hereby sustained as to the issue of sole liability and all other objections be and the same are hereby dismissed.