## Raudenbush v. Dunn

*Robert J. Brown,* for defendant.

*William W. Hafer,* for additional defendant.

SHADLE, J., December 13, 1967.—Plaintiff sued defendant for personal injuries resulting from a motor vehicle accident which occurred on January 26, 1965. Plaintiff's complaint was served on defendant on

October 18, 1965. On May 6, 1966, defendant filed preliminary objections to plaintiff's complaint, asking for more specificity in paragraph 10 as to the cost of future medical care, and in paragraph 12 as to plaintiff's occupation, which she claimed to be unable to pursue, both of which matters did not appear in the original complaint. On December 1, 1966, counsel for plaintiff and defendant filed a written stipulation stating that the complaint "may be amended *without the necessity of filing* the same" by changing the two paragraphs to read as set forth in the stipulation, in which the amount of the future medical costs and plaintiff's occupation were set forth. The stipulation was "approved" by a written order of the court. (Italics supplied.)

On December 22, 1966, defendant filed a writ and a complaint joining additional defendant as a party. To this, additional defendant has filed preliminary objections seeking to have the writ and complaint stricken. The grounds alleged are that the joinder is beyond the 60-day period permitted by Pennsylvania Rule of Civil Procedure 2253 because (a) there was not, in fact, an amendment of the original complaint pursuant to the stipulation, which amendment otherwise would have extended the 60-day period and constituted the joinder as timely, and (b) the amendment was collusively arranged by plaintiff and defendant to permit a late joinder, and it, therefore, does not validly extend the time for joinder.

As to the method of amendment, Goodrich-Amram, §1033-4, states as follows:

"Rule 1033 does not provide for the form of the amendment; that is, whether it is necessary to file a complete new complaint, containing the changes made, or whether it is sufficient to file the changes alone, leaving the original complaint effective, to be read together with the amendment . . . In the absence of

any definitive statement in Rule 1033, the prior practice will still govern and the form of the amendment will be *governed by the order of the court,* or by local rules of general application". (Italics added.)

York County has no local rule prescribing the manner in which amendments shall be accomplished. As previously noted, the stipulation specifically provided that the amendments should be effected by the stipulation itself "without the necessity of filing" a completely new amended complaint. The order of court "approving" the stipulation had the effect of approving amendment in this manner.

Additional defendant cites Biello v. Bryant, 203 Pa. Superior Ct. 175 (1964). There, the Superior Court adopted a sentence contained in the opinion of the court below that "A stipulation merely changing the wording of a complaint does not constitute an amended complaint". In the first place, that was a case from Philadelphia County, which does have a local rule requiring amendment by means of a totally new pleading, which justified the statement of the lower court so far as Philadelphia was concerned, but would not be true in York County. Secondly, the form of amendment was not the real point of the decision by the Superior Court, as hereinafter pointed out.

Under all these circumstances, we are satisfied that plaintiff's original complaint here was effectively amended.

On the issue of extending the time for joinder by collusion, the following language from Agatone v. D'Antonio, 31 D. & C. 2d 138 (1963), is pertinent:

"The rule grants the extra period without regard to the materiality of the amendment which is made. This is a departure from the former rules under which the court had the discretion to refuse to permit the joinder . . . if the amendment did not make any material change to the statement . . .

"However, . . . if the amendment . . . is the result of an agreement between plaintiff and the first defendant . . . solely for the purpose of creating an opportunity for the joinder of the additional defendant and not for the purpose of a useful amendment of the complaint, the court will refuse to permit the late joinder . . .

". . . in the absence of convincing proof thereof, it must be assumed that the amendment is proper".

Here, the amendment was both material and useful, because it did furnish information necessary to determine the amount of damages sustained and claimed. There is not the least evidence of collusion merely to extend the time for joinder.

Additional defendant cites Biello, supra, which affirmed the refusal of the court below to permit a late joinder by virtue of an amendment. However, the specific reason for that decision was stated as follows:

"The distinguishing feature (in this case from those allowing late joinders) is that a previous effort by appellants to join the additional defendant had been refused by the court . . . To now permit a belated joinder by means of a stipulation amending the complaint in an inconsequential and immaterial particular would bring about a circumvention of the court's prior order refusing the joinder".

The dissimilarity of this case from Biello at once appears. The Biello averment was *solely* to add the direction in which one of the involved vehicles was traveling, clearly a trivial and unnecessary matter of evidence which served no pleading purpose whatever. Here, the amendment added essential and important damage factors *to the absence of which defendant had specifically and properly objected.* Furthermore, here there had been no prior attempt whatever to join additional defendant as a party, nor had the court con-

sidered or refused such joinder, whereas in Biello, the stipulation was an obvious attempt to accomplish what the court previously had definitively ruled could not be done.

We agree with additional defendant that she conceivably can be handicapped by first becoming involved in the action nearly two years after accident. However, this was due to the lethargy of defendant in failing to file preliminary objections until nearly seven months after service of the complaint, and the inaction of both parties in thereafter waiting an additional seven months to amend to cure the defects in the original complaint. While such lack of diligence is to be disapproved, we are unable to find that it occurred for the specific purpose of prejudicing additional defendant. We conclude, therefore, that additional defendant has properly been joined as a party within the time provided by law.

### ORDER

And now, December 13, 1967, the preliminary objections of additional defendant are overruled and refused, with leave to file an answer to the complaint of defendant within 30 days from this date. An exception is noted for additional defendant.