## Verica v. Commonwealth

*Daniel R. Sherzer,* for plaintiff.
*James J. Dodd-o,* for defendant.
*Peter J. Speaker,* for additional defendant.

DOWLING, *J.,* March 23, 1990 — The concept of the statute of limitations, in one form or another, is probably as old as man. One can go as far back as

the Roman poet Ovid, who showed us the hapless beauty Psyche being told by the goddess Venus that she has only one night in which to perform an array of impossible feats if she wishes to save her life; or the even more powerful cadences of Christopher Marlowe, whose John Faustus is given 24 years by Mephistopheles in which to repent and save his soul — and who, as the deadline approaches, and knowing his own moral weakness only too well, cries out in despair:

"The stars move still, time runs, the clock will strike,

"The devil will come,

"And Faustus must be damned!"*

But Faustus and Psyche, who came to such different ends, had one advantage over the parties to the instant action: a clear, absolutely unambiguous statement (from what were, by any estimate, eminently credible authorities) of the amount of time left to them in which to perform their allotted tasks. The litigants in the case at bar are, in the main, arguing over whether the periods of time set forth in the applicable law did or did not run against one another; a question which may well determine the degree to which some or all of these parties are entitled to remain before us. We will now see whether this case, in its present form, is entitled to follow Psyche to the security of Olympus, or must be consigned with Faustus to the oblivion of dismissal.

The facts in this case are, to some degree, a mixture of the procedural and the factual. On August 19, 1987, at the intersection of Pa. Route 42 and Pa. Route 220 in Sullivan County, Pennsylvania, the defendant, Commonwealth of Pennsylvania, through the medium of the Department of

---

* *Doctor Faustus,* scene 18.

Transportation, was, at the time, performing "skin patching" repairs on the highway. Plaintiff and the additional defendant, David M. Cavalieri, became involved in an auto accident, to which, it is alleged, the repair work initiated by the commonwealth was a contributing factor.

After plaintiff filed his complaint on March 27, 1989, plaintiff and defendant agreed, by mutual stipulation, to delete the phrase "being otherwise negligent" from paragraph 5(j) of the complaint. This deletion-by-stipulation was filed with the prothonotary on May 25, 1989. On June 12, 1989, defendant PennDOT filed its answer and new matter to the complaint; and on that same date filed a third-party complaint joining David Cavalieri as an additional defendant. Plaintiff filed preliminary objections to the third-party complaint on June 23, 1989, alleging that the third-party complaint violated Pa.R.C.P. 2253, inasmuch as more than 60 days had passed after the service of the original complaint.

On December 11, 1989, defendant PennDOT filed a petition for change of venue, declaring that the proper venue for the case was Sullivan County rather than Dauphin County. Plaintiff filed a motion to dismiss the petition for change of venue on January 5, 1990, alleging that no issue of change of venue could be addressed until the preliminary objections regarding the propriety of the joinder of the additional defendant had been adjudicated, and that all pleadings filed by defendant PennDOT regarding the issue of venue, as well as the pleadings of the additional defendant, David Cavalieri, were premature and untimely until such adjudication took place.

Although argument has, thus far, only been heard on the issues raised by the preliminary objec-

tions, regarding the propriety of the joinder of the additional defendant, we feel that it is incumbent upon us in this opinion to also address the venue question to some extent, since the extant pleadings in their totality treat the two questions as mutually dependent.

Plaintiff's basic argument is that PennDOT was in violation of Pa.R.C.P. 2253 when it attempted to join an additional defendant (Cavalieri) without the court's permission more than 60 days after the original defendant was served. In addition, plaintiff argues that Cavalieri was already a defendant in the same action in Philadelphia County, so that the attempt at joinder is also a moot point. As to the venue question, plaintiff contends that service on the commonwealth is always proper in Dauphin County, where the state capital is located, and that the court cannot even address the petition for change of venue until it first decides whether Cavalieri has been properly joined as an additional defendant.

PennDOT's responsive argument is that plaintiff's position on the venue question is unsupported by any authority, and that the joinder of Cavalieri did not violate the limitation period, since it was filed within 30 days of an amendment to plaintiff's complaint and is thus within the limits of Pa.R.C.P. 2253.

For the reasons set forth below, we hold in defendant's favor on both the venue and filing limitations issues.

Pa.R.C.P. 2253, the nexus of the dispute in this case, reads as follows:

"Rule 3352. *Time for Filing Praecipe or Complaint*

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is com-

menced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

For our purpose, of course, it is the words "any amendment thereof" which are the "heart of the mystery," to paraphrase the late Prince Hamlet. Both parties have long since stipulated to an amendment in plaintiff's complaint, declaring that the averment at paragraph 5(j), which contained the phrase "being otherwise negligent" would be stricken. This was done by filing the amendment at the prothonotary's office on May 25, 1989. The complaint against Cavalieri, complained of in the instant proceeding, was filed on June 12, 1989. Since this was clearly within the 60-day period mandated by the rule, plaintiff's only recourse is to declare in his brief that the agreed-upon amendment was not a true amendment, but represented the deletion of "mere surplusage," and should not be allowed to cause the extension power of rule 2253 to be brought into effect.

For this position, we can find authority in neither legal precedent nor common sense. While it is true that Pa.R.C.P. 76, headed "Definitions," does not define the work "amendment" or the term "amended pleading," for purposes of the construction of the Rules of Civil Procedure (the legislature having apparently believed, no doubt foolishly, that there are some Anglo-Saxon words which do not yield to misapprehension, even by members of the legal profession), rule 126, headed "Liberal Construction and Application of Rules," states: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every ac-

tion or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." It was by way of construing this precise rule that the courts have, in their history, issued statements such as:

"One purpose of third-party procedure is to avoid a multiplicity of suits by adjudicating in one suit rights and liabilities of all parties to a single transaction which constitutes cause of action, and applicable rules should, if possible, be construed to accomplish such purpose." *Vaughan v. Womeldorf,* 366 Pa. 262, 77 A.2d 424 (1951).

As well as:

"[The requirement of this rule that the Rules of Civil Procedure] be liberally construed is particularly applicable to controversies involving rules governing third-party procedure. Procedural rules in such cases should be construed to accomplish purpose of avoiding multiplicity of suits." *Martinelli v. Mulloy,* 223 Pa. Super. 130, 299 A.2d 19 (1972).

Since we are here dealing with precisely the situation which the courts in *Vaughan* and *Martinelli, supra,* anticipated, it would seem to us highly improper to ignore the clear guidelines which their pronouncements have laid down for us.

Also, we consider plaintiff's reliance on the case of *Biello v. Bryant,* 203 Pa. Super. 175, 199 A.2d 506 (1964), to be misplaced on no less than three separate grounds. The *Biello* court stated that the addition of the phrase "which automobile was proceeding westwardly on Pine Street" to a complaint for injuries suffered in a motor vehicle accident would not be considered an "amendment" for purposes of allowing Pa.R.C.P. 2253 to kick into effect.

We can but quote the pertinent language from *Biello* to show just how far afield it is for our present purposes:

"Howbeit, it is our view that the case at bar does not call for a literal interpretation of the rule. It presents a different procedural situation. *The distinguishing feature is that a previous effort by appellants to join the additional defendant had been refused by the court order of April 15, 1963*. To now permit a belated joinder by means of a stipulation amending the complaint in an inconsequential and immaterial particular would bring about a circumvention of the court's prior order refusing the joinder. A markedly similar situation arose in *Heisey v. Horne,* 9 Cumberland L.J. 88, wherein President Judge Shughart aptly stated: 'To hold that the filing of the amended complaint in this case opens the way for the defendant to bring in additional defendants whose joinder was refused by an order of court filed almost three years ago, would cause slavish adherence to the letter of one rule to do violence to the spirit and purpose of all of the Rules of Civil Procedure. Such a result cannot be reached.' " *Biello, supra.* (emphasis supplied)

First, and most importantly, there was no prior court order, in the case at bar, refusing the joinder of the additional defendant David Cavalieri. Since it is this factor which the *Biello* court called "the distinguishing feature," it is a little difficult for us to see to what purpose plaintiff has referred to this case. There is, in any event, no suggestion in the present case that defendant PennDOT's invocation of rule 2253 is based upon a desire to make an end run, as it were, around the court's already-expressed intent. Second, the language deleted by stipulation in the present case refers to elements of the cause of action itself; the phrase "being other-

wise negligent" could have theoretically served as the basis for separate, and additional, allegations by plaintiff against defendant, especially if defendant had made that phrase the basis of a motion for more specific pleading under Pa.R.C.P. 1017(b)(3). This was not true of the language deleted in *Biello,* which merely described in greater detail an action which was already set forth in the complaint. Third, the *Heisey* court, on which *Biello* relies, was clearly irritated at having to re-address a matter which had last been raised nearly three years earlier. To put the matter with Gandhian restraint, that is not the case in the present instance. Plaintiff's initial complaint was filed on March 27, 1989; the stipulated amendment was filed on May 25, 1989; and the third-party complaint followed on June 12, 1989. A scenario covering exactly 11 weeks (the period from plaintiff's complaint to the third-party complaint) can hardly be equated with a period of 156 weeks (the lapse of time in *Heisey*).

We feel that the influence of these three factors is as resoundingly dispositive of this issue as any authority one could reasonably hope to find.

We might add that there was a readily available course of action open to plaintiff in the current matter, by which this entire controversy could have been averted; namely, to have added a sentence to the written stipulation stating that "this revision shall not be considered to be an 'amendment' under the terms of Pa.R.C.P. 2253." When one realizes that the stipulation was filed on May 25, 1989, just two days before the 60-day time limit would have run (as to the original complaint), there is an inescapable sense that plaintiff, in this instance, may have snatched defeat from the jaws of victory. Had he simply done nothing as to any deletions or amendments to his own complaint, defendant

would either have had to hastily file the third-party complaint or be shut out from ever doing so. This is a particularly telling point in light of the fact that plaintiff has since described the deleted language (his *own* language, we would add) as "mere surplusage." If this was indeed the case, we are at a loss to see why plaintiff chose to render himself vulnerable to a procedural blitzkrieg for the sake of a purely technical alteration. As Marc Antony found out, when he "kissed away kingdoms and provinces" by leaving the battle of Actium at the crucial moment, all for the sake of an hour's dalliance with Cleopatra, it can be fatal to sacrifice a greater consideration to a lesser one; and that, in our view, is precisely what the plaintiff, in this instance, has done.

Nor are we convinced by the argument that PennDOT's joinder of the additional defendant, David Cavalieri, is "moot," since he is already a defendant in Philadelphia County in the same action. The obvious remedy for this situation is, of course, a motion for consolidation of the actions under Pa.R.C.P. 213, subject to the transfer provisions of Pa.R.C.P. 1006. As between the defendant — who, in our view, has availed himself of a procedurally correct mechanism for the joinder of an additional defendant — and plaintiff — who can, as the moving party, transfer the Philadelphia action to the county of the instant action — we feel that it is up to the latter party to resolve whatever discrepancies there may be in this situation.

As to the argument regarding the venue issue itself, it can be disposed of in short order. It is, quite frankly, difficult for us to imagine a situation more precisely on point with the problem contemplated in 42 Pa.C.S. §8523(a) than is the instant case:

*"Venue* — Actions for claims against a commonwealth party may be brought in and only in a county in which the principal or local office of the commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. *If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any Judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie."* (emphasis supplied)

In the current instance, it is apparent to us that Sullivan County is the only proper venue for this case. Where the cause of action arises in Sullivan County; where the investigating officer lives in Sullivan County; where defendant (PennDOT) not only has offices in Sullivan County, but has all personnel who are involved in this transaction located in that county; and where plaintiff is domiciled in Philadelphia, which is several hours by car from both Dauphin County and Sullivan County, we cannot conceive of a more clear-cut mandate for a change of venue to Sullivan County.

Since the petition for change of venue has not yet been listed for argument, it seems, at the least, probable that the preliminary objections will be decided first. We will not dismiss this petition, but will entertain it at the proper time, should it be necessary to do so. But since there is no authority stating that a petition for change of venue must be decided either before or after a motion to dismiss for lack of conformity to the rules of court, we would strongly advise the parties to agree among themselves to a transfer and consolidation, by stipulation,

of all existing actions that have arisen on these facts, to Sullivan County. We are morally certain that this will be our recommendation, should the matter come before us, and we are certain that the parties to this action have much better uses to make of their (and our) time than to press on with a trial-by-combat, when the outcome is already a foregone conclusion.

Accordingly, we enter the following

## ORDER

And now, March 23, 1990, after a hearing on the above matter, and after a review of all briefs and pleadings pertinent to it, we dismiss the preliminary objections of plaintiff, John M. Verica, as to the joinder by defendant PennDOT of the additional defendant David Matthew Cavalieri, and instruct defendants to list the petition for change of venue for argument without delay. The court likewise dismisses the objections of plaintiff John M. Verica as to any prematurity and/or untimeliness in the pleadings of defendant PennDOT and/or additional defendant David M. Cavalieri, and declines to dismiss defendant PennDOT's petition for change of venue.