WILLING et al. v. PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES et al.

No. 18828.

District Court, E. D. Pennsylvania.

Nov. 9, 1936.

Samuel E. Kratzok, of Philadelphia, Pa., for Willing.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for Pennsylvania Company for Insurances on Lives and Granting Annuities.

Paul C. Wagner, of Philadelphia, Pa., for Edward Walter Clark et al.

Alexander Conn, of Philadelphia, Pa., for John Jacob Belzer et al.

Sidney Chait, of Philadelphia, Pa., for Henry W. Balka.

Sundheim, Folz & Sundheim, of Philadelphia, Pa., for Albert M. Greenfield and John W. Daniels.

MARIS, District Judge.

This is an action brought by the receiver of the Sixth National Bank of Philadelphia to recover an assessment made by the Comptroller of the Currency against the holder of 20 shares of stock of the bank which had been transferred by the stockholder within 60 days prior to the date of the failure of the bank to meet its obligations. The original defendant brought on the record by sci. fa. the members of the firm of E. W. Clark & Co., as additional defendants, to whom it claimed to have sold the stock prior to the failure. These in turn similarly brought in the members of the firm of Belzer & Co., as second additional defendants, who in like manner brought in Henry W. Balka as third additional defendant, to whom they claimed to have sold 15 of the 20 shares in question. They also brought in Albert M. Greenfield

and John W. Daniels as third additional defendants, to whom they claimed to have sold the 5 remaining shares.

Henry W. Balka, one of the third additional defendants, thereupon took the present rule to show cause why the sci. fa. as to him should not be quashed. He assigned a number of reasons in support of his rule. The first is that the writ shows on its face that he did not own the stock which is the basis of the suit of the plaintiff against the original defendant. We fail to see any merit in this contention, however. The writ clearly shows that the 15 shares sold by Belzer & Co. to Balka were part of the 20 shares originally held by the Pennsylvania Company for Insurances on Lives and Granting Annuities, as trustee. The fact that these shares were represented by a new certificate which was issued when the original 20 shares certificate was split into two lots does not alter the fact that they were in reality 15 of the 20 original shares. Nor is Balka's individual liability affected by the fact that he caused these 15 shares to be placed in his name as trustee, since there is an averment in the sci. fa. that he became the real owner of the shares and remained such continuously from the time of his acquisition thereof on.

The second reason set up is that the writ indicates on its face that Balka is not liable for the cause of action declared on to the extent of the entire amount recoverable against the second additional defendants. It is true that he is liable only to the extent of $^{15}\!/_{20}$ of their liability. This, however, does not prevent his being made a party defendant under the Sci.Fa. Act of 1929 (P. L. 479 [12 P.S.Pa. § 141]). As stated by the Supreme Court of Pennsylvania in Vinnacombe v. Philadelphia, 297 Pa. 564, 569, 147 A. 826, 827: "The act is a remedial one. Its purpose is to avoid a multiplicity of suits; to compel every interested person to appear and defend the action by plaintiff; and to save the original defendant from possible harm resulting from loss of evidence, as might result if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part. Hence, the statute is to be liberally construed to advance the legislative purpose." See, also, Gossard v. Gossard, 319 Pa. 129, 178 A. 837.

It thus appears that the act was intended to and does apply to a situation such as is shown by this record.

It is also urged in support of the rule that diversity of citizenship between the second and third additional defendants is lacking. In answer to this, however, it is sufficient to point out that the present suit is not grounded upon diversity of citizenship, but upon the fact that it is brought by an officer of the United States; namely, the receiver of a national bank. The sci. fa. contains an averment that Balka is liable to the plaintiff and it may, therefore, be supported upon this ground, although it might be otherwise if the sole reason for bringing him on the record was because he was answerable over to the second additional defendants and no cause of action against him by the plaintiff was alleged.

Balka also urges that the sci. fa. is bad for duplicity in that it sets forth that he is liable over to the second additional defendants or is alone liable to the plaintiff. These averments, however, are not inconsistent under the provisions of the act of Congress imposing liability upon the shareholders of national banks. (12 U.S.C.A. §§ 63, 64). Under the act of Congress and the decisions, it is well settled that the receiver may recover the amount of the assessment made upon shares of the bank stock against persons standing in a number of different relationships to the shares. Thus he may recover either against the stockholder of record even though he has no beneficial interest, against the real owner of the stock even though he is not of record, against a stockholder who has transferred his shares or registered the transfer thereof within 60 days next before the failure of the bank to meet its obligations, or against a stockholder who has transferred his shares with knowledge of the impending failure of the bank. Since the act also provides that every person becoming a shareholder shall by such transfer succeed to the liabilities of the prior holder of the shares, it follows that the last transferee is liable over to any of the prior parties in case they are compelled to pay the assessment because the receiver has chosen to sue them rather than him. The last transferee is, as we have indicated, primarily liable also. It follows that in this case Balka's primary liability is not inconsistent with his liability over to the second additional defendants, in case they are held liable to the plaintiff. The writ is, therefore, not bad for duplicity.

Rule discharged.