## J. Landau and Company, Inc. v. L-Co Cabinet Corp.

*Harry Klein, Jr.*, for plaintiff.
*Lark, Makowski & Marateck*, for defendant.
*Richard Henry Klein*, for additional defendant.

TROUTMAN, J., June 8, 1964.—Plaintiff, J. Landau and Company, Inc., filed its complaint against L-Co Cabinet Corporation, defendant, seeking to recover $5,932.60, based upon a book account for industrial varnishes, namely, spray, lacquer, stain, sealer, filler, varnish and enamel, sold and delivered by plaintiff to defendant from July 18, 1962, to November 1, 1962.

Defendant, L-Co Cabinet Corporation, filed an answer to the complaint and a counterclaim. In its answer, defendant admitted the purchase of the material from plaintiff, claimed it was defective, and claimed that defendant had been purchasing material from plaintiff for a period of two years or more prior to July 18, 1962. The counterclaim of defendant against plaintiff was in the sum of $7,052.82, and it comprised a claim arising out of stain ordered and received by defendant from plaintiff about May 10, 1962. The counterclaim avers that the stain was defective and, as a result, defendant suffered business losses between May 15, 1962, and June 19, 1962, for cabinets that had to be sold at a loss because of the defective coloring in the stain.

Plaintiff filed a reply to defendant's counterclaim denying any liability for the losses of defendant between May 15, 1962, and June 19, 1962, as a result of the alleged defective stain. At the same time, plaintiff, as defendant in the counterclaim, filed a plaintiff's complaint against E. I. DuPont DeNemours and Company, Inc., as additional defendant. This complaint was served on the Secretary of the Commonwealth through the Department of State as registered agent for the E. I. DuPont DeNemours and Company, Inc.

The E. I. DuPont DeNemours and Company, as proposed additional defendant in the counterclaim, filed preliminary objections, which are now before the court for disposition.

The preliminary objections filed by the additional defendant are (1) Petition raising a question of juris-

diction; (2) motion to strike off complaint against the additional defendant; (3) demurrer; and (4) motion for a more specific complaint.

The first preliminary objection raises a question of jurisdiction, it being the contention of the additional defendant that there is no authority in law or under the Pennsylvania Rules of Civil Procedure permitting the joining of an additional defendant by reason of matters asserted in a counterclaim filed against plaintiff by the original defendant, and, therefore, the court is without jurisdiction to entertain this action against the additional defendant. A similar question is raised in the additional defendant's preliminary objection in the nature of a motion to strike off the complaint. The reason assigned in support of this objection is that there is no Pennsylvania Rule of Civil Procedure that permits plaintiff to assert its claim against the additional defendant, DuPont Company.

The procedure of joining additional defendants was first created by virtue of the Act of April 10, 1929, P. L. 479, 12 PS § 141, as amended. The original decisions interpreting these acts show that there was no common-law right to bring in an additional defendant, but such right was created by statute: Gossard v. Gossard, 319 Pa. 129; Goodrich-Amram, vol. 3, commentary on rule 2251-1, p. 3.

These acts were suspended absolutely by rule 2275 of the Pennsylvania Rules of Civil Procedure. It is, therefore, necessary to examine the rules of civil procedure to determine whether there is any rule that permits plaintiff to bring upon the record an additional defendant by reason of a counterclaim filed against it by defendant.

The first rules of civil procedure governing joinder of additional parties were adopted and promulgated by the Supreme Court of Pennsylvania on February 14, 1939, to become effective September 4, 1939. At that

time, Rules 2251 to 2263 and Rules 2274 and 2275 were included. Rule 2251, as adopted in 1939, under the heading "Definitions" defined a defendant as any party originally named as a defendant, any plaintiff against whom a counterclaim or set-off is asserted, and any party subsequently added to the record under the provisions of these rules. Rule 2259 (c), in the original 1939 rule, provided that in any action in which a counterclaim or set-off is asserted by a defendant against a plaintiff, plaintiff shall have all the rights of a defendant, under these rules, to bring additional parties upon the record. Such additional parties shall have all the rights of additional defendants under these rules. Consequently, the procedure adopted by the plaintiff in this case was permissible under the Rules of Civil Procedure as adopted by the Supreme Court on February 14, 1939.

However, by an order dated December 30, 1942, the rules of procedure governing joinder of additional parties, no. 2251 to no. 2275, inclusive, adopted and promulgated by orders filed February 14, 1939, were amended, and the rules amending these rules were made effective immediately. The effect of this amendment deleted any definition of defendant as contained in the original Rule 2251 and simply defines the word "action". Rule 2259 as originally adopted in 1939 was completely omitted. These rules as adopted in 1942, with certain subsequent amendments not pertinent to the issue here raised, are in full force and effect. The effect of this amendment of 1942 was to supersede the rules adopted on February 14, 1939. In volume 12 of Purdon's Statutes, dealing with the Rules of Civil Procedure, on page 505 and page 509, under editorial comment, it is stated that Rules 2251-2263, 2274 and 2275 of the Rules of Civil Procedure, as adopted and promulgated by orders filed February 14, 1939, and April 5, 1939, were amended and superseded in their entirety

by order filed December 30, 1942, to read as now set forth in Rules 2251-2257, 2274 and 2275, as set forth in that volume.

Upon a careful review of all the rules which are now in effect concerning the joinder of additional parties, the court is unable to find a single rule that would permit a plaintiff, against whom a counterclaim has been asserted, to bring in an additional defendant.

The order of the Supreme Court dated December 30, 1942, in effect amended the rules adopted February 14, 1939, by substituting a new set of rules. The well-known principle of statutory construction or interpretation as set forth in the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS § 581, is that whenever a law reenacts a former law, the provisions common to both laws shall date from the first adoption, but such provisions only of the former law as are omitted from the reenactment shall be deemed abrogated. Applying this principle to the amendment of the rules adopted December 30, 1942, we must conclude that as to Rule 2251, the definition of the word "defendant" being omitted, it must be deemed abrogated and as to Rule 2259, being completely omitted, it must be deemed abrogated.

Since there is no rule of civil procedure or statute or any provision under common law which permits plaintiff in this case to bring upon the record the E. I. Du-Pont DeNemours and Company, Inc., as an additional defendant in respect to the counterclaim filed by the original defendant, plaintiff's complaint against the said additional defendant is not in conformity to law or rules of court, and the preliminary objection in the nature of a motion to strike off plaintiff's complaint against the additional defendant must be sustained. Likewise, the court has no jurisdiction in this proceeding to inquire into the subject matter of plaintiff's complaint against the additional defendant and, consequently, the additional defendant's preliminary objec-

tion in the nature of a petition raising a question of jurisdiction must be sustained.

It must be remembered that the joinder of additional parties does not affect the substantive rights of the parties. It merely provides a mechanism by which certain rights of certain parties may be adjudicated in the same action: Frank v. Lebo, 84 D. & C. 561. While plaintiff may have a perfectly valid claim against the additional defendant, it cannot be adjudicated in this proceeding but must be pursued in a separate action.

Inasmuch as the first and second preliminary objections of the additional defendant are sustained, it is unnecessary to discuss the remaining preliminary objections in the nature of a demurrer and a motion for a more specific complaint.

### Order

And now, June 8, 1964, the additional defendant's preliminary objections in the nature of a petition raising a question of jurisdiction and a motion to strike off the complaint of plaintiff, J. Landau and Company, Inc., against the additional defendant are hereby sustained, and the complaint filed by plaintiff against E. I. DuPont DeNemours and Company, Inc., as additional defendant is hereby dismissed and stricken from the record.

Let an exception be noted for plaintiff, J. Landau and Company, Inc.