## Plank et ux. v. Suskiewicz

*Dickie, Robinson & McCamey,* for plaintiffs.
*George Y. Meyer,* for defendant.

WEISS, J., November 15, 1948.—In the original case at the above term and number, Walter F. Plank and Jacqueline C. Plank, his wife, brought suit against

Henry Suskiewicz in Allegheny County as a result of a collision which occurred in Beaver County. The legal residence of Walter F. Plank is Berks County, Pa., but he is presently stationed in the State of Maryland, being in the armed forces. A severance was had of this suit by the husband and wife and the Sheriff of Allegheny County deputized the Sheriff of Berks County to serve husband plaintiff as an additional defendant in the suit of Jacqueline C. Plank and service was made by leaving the papers with the mother of Walter F. Plank at his residence in Berks County. Original defendant is a resident of Allegheny County and personal service was made on him there. A petition for rule to show cause why the service should not be stricken was presented by Dickie, Robinson & McCamey, attorneys for Walter F. Plank, alleging that since the accident happened in Beaver County, Walter F. Plank could not be made an additional defendant by deputized service but could be made a defendant only if he was served personally in Allegheny County.

This matter came upon the argument list before this court en banc, and the court on October 11, 1948, allowed defendant to join Walter F. Plank as additional defendant, and further permitted original defendant to serve papers on counsel for Walter F. Plank.

### Question of Law Involved

Where a person subjects himself to the jurisdiction of a court by entering a suit therein as a plaintiff, does he thereby subject the entire subject matter to the jurisdiction of that court so that he may be made an additional defendant by a coplaintiff in the same action by deputized service when such service would be otherwise invalid?

### Argument

The following Rules of Civil Procedure are pertinent to the issue involved in this proceeding:

Pa. R. C. P. 1027. "A party filing a pleading, other than a complaint by which an action is commenced, shall forthwith serve it on every other party

"1. By leaving a copy for or mailing a copy to him at the address endorsed on an appearance or prior pleading of the party, but if there is no such endorsement, then

"2. By leaving a copy for or mailing a copy to him at the residence or place of business of the party or the address of the party's attorney of record. . . ."

Pa. R. C. P. 126. "The rules shall be liberally construed, . . . The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties".

Pa. R. C. P. 128. "(a) The Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable".

It is the contention of original defendant that under the above rules service of the complaint of original defendant could have been made on additional defendant by service on the attorney of record of Walter F. Plank. This is not a complaint in which an action is commenced but is simply an additional defendant phase of the same action. The action was really commenced by the filing of the original complaint by two plaintiffs at the above term and number and the bringing in of Walter F. Plank as an additional defendant is simply another part of this same action, since he was already a party to the action.

The following sections of Standard Pa. Practice also bear on this question. In 1 Standard Pa. Practice 45, relating to courts, at section 53, is this statement:

"If lack of jurisdiction of the person is alleged, this may be waived by consent and acquiescence and a general appearance; or the filing of an affidavit of defense to the merits without reserving the right to question

the jurisdiction of the court might be such an acquiescence as would bar the defendant from raising this question after such appearance or affidavit of defense has been filed. In other words, the party exempt from jurisdiction may waive his personal privilege; if he does so, the jurisdiction of the court is complete."

1 Standard Pa. Practice 390, sec. 118, relating to *new parties*, makes the following observation. "It would be a dangerous practice to bring new parties upon the record of a cause without their knowledge, and it is, therefore, a rule that the record of a cause may not be amended by adding or substituting the name of another *who has not voluntarily appeared* and upon whom there has been no service of process. Where a new party is added by amendment without previous notice, he should be served with process or rule to appear and plead, unless he is brought in by agreement or voluntary appearance. These rules have even been applied where the additional party is already in court but in a different capacity from that in which he is sought to be charged": Ely v. Patton, 25 Lanc. 214, applying the rule where the new party is in court in his individual capacity but is sought to be brought in as administrator.

1 Standard Pa. Practice 390, par. 117, states that a court is without jurisdiction over parties who have not been served with process or over whom jurisdiction has not been acquired by waiver, acceptance, agreement or appearance.

Based upon the above sections of Standard Pennsylvania Practice, it is the contention of original defendant that Walter F. Plank by entering suit at the above term and number in this court subjected himself and the entire subject matter of the suit to the jurisdiction of this court. *Under Pa. R. C. P. 128 the Supreme Court does not intend a result that is absurd, impossible*

*of execution or unreasonable and it would certainly be unreasonable if this plaintiff could appear in this court as a plaintiff in this action and not be answerable in the same court for his share in the responsibility therefor.*

Controlling cases applicable here are Gossard v. Gossard, 319 Pa. 129, in which the court held:

"No matter in what county an action for damages resulting from the use of an automobile is brought, an original defendant may bring in as an additional defendant anyone whom it is claimed is liable on the cause of action declared on, wherever service may be made upon the latter in the State."

The Supreme Court reversed its position in the case of Koll et al. v. Pickford et al., 353 Pa. 118, in which the court held:

"1. Under Revised Rule 2254 of the Rules of Civil Procedure, an original defendant in an action of trespass which has been instituted in a county other than that wherein the cause of action arose cannot secure legal service upon an additional defendant in another county by deputizing the sheriff of that county to serve the writ. (119-23)

"2. The common law rule in regard to service of process is binding in Pennsylvania, unless a statute declares a different method. (121)

"3. The Rules of Civil Procedure, which have the effect of a statute, governing joinder of additional parties (Rule No. 2275) suspended the Act of April 10, 1929, P. L. 479, and the amendments of 1931, 1933, and 1937, dealing with the joinder of additional defendants, and are controlling as to actions commenced after their effective date. (121)"

But the facts in the case before us present an entirely different situation.

Therefore, even though ordinarily original plaintiff would not have been able to serve Walter F. Plank by

deputized service, it is clear to this court that under the revised Supreme Court rules that it would be unreasonable that he appear as a plaintiff and not be compelled to appear as a defendant, this *court has the right* under Pa. R. C. P. 126 to disregard any error or defect of procedure by which service was made on Walter F. Plank as an additional defendant.

The rule is hereby discharged.

### Order

It is hereby ordered and decreed that the said rule is hereby discharged, and it is hereby ordered that service of any papers including the complaint of original defendant to join Walter F. Plank as additional defendant be made upon Dickie, Robinson & McCamey as attorneys of record for plaintiff, Walter F. Plank, in the action brought by him at the same term and number.