**Meltzer v. Harter**

*Gross & Sklar*, for plaintiff.

*Williams & Glantz*, for defendant.

*Ross, Smith & Renninger*, for additional defendant.

BODLEY, J., September 5, 1969.—In this personal injury case, the attempted joinder of Fred Charles Newfield as an additional defendant is challenged on the basis that this court lacks venue as to him. Following argument before the court en banc and consideration of briefs of counsel submitted in

support thereof, the matter is before us for disposition.

This case represents another of those troublesome situations in which an automobile accident involved residents of more than one county and thus has led to procedural difficulties. The accident occurred in the State of New Jersey, and this suit was subsequently brought on March 29, 1968, against William R. Harter, a Bucks County resident, as sole defendant.

However, on May 17, 1968, Harter sought to join three other persons as additional defendants. One was a resident of Bucks County, another of Philadelphia County, and the complaining party, Fred Charles Newfield, was a resident of Montgomery County. Service upon additional defendant Newfield was effected on June 3, 1968, through deputization of the Montgomery County sheriff. Counsel for Newfield then filed preliminary objections asserting that this court does not have venue as to Newfield and that, accordingly, the deputization and service upon him was invalid. He relies upon Pennsylvania Rules of Civil Procedure 1006, 1042, and 1043 as authority for his position.

While we cannot agree with this position, we hold that until the recent amendment to Pa. R. C. P. 2254(a), venue in such instance would have been improperly laid. As pointed out in Koll v. Pickford, 353 Pa. 118, 121 (1945), the rules of civil procedure governing joinder of additional defendants are controlling as to venue and service of process in such a case. In Koll, the accident occurred in Washington County, suit was instituted in Allegheny County, and service made upon the original defendant there. Original defendant's attempt to join an additional defendant, a Washington County corporation, by deputizing the Washington County sheriff, was rejected by reason of the fact that Pa. R. C. P. 2254(a), giving defend-

ant the same right of service as plaintiff, simply did not permit deputized service in such case.[1] The court reasoned that since the suit was brought in a non cause of action county, plaintiff, himself, could not have had deputized service, and defendant's rights as to service under 2254(a) rose no higher than those of plaintiff under the then existing practice. [Formalized in 1947, by rules 1006(a)[2] and 1043[3]]. From the time of Koll, rule 2254(a) has remained unchanged until the Supreme Court promulgated an amendment thereto on June 27, 1969, effective September 1, 1969.

As noted, under rule 1043 deputized service could be had by a plaintiff in trespass only when the action was commenced in the cause of action county. Although rule 1042 permitted the action to be brought in any county in which an action of assumpsit might have been brought, and although rule 1041 provided that the procedure in trespass actions shall accord to rules relating to assumpsit, yet venue under rule 1006, as it existed prior to the June 28, 1967, amendment effective September 1, 1967, required that an action against an individual be brought only in a county in which he might be served or in which the cause of action rose. Hence, viewed in this light, a plaintiff in trespass proceeding under rule 1006 via rule 1042 was restricted in venue by 1006 and by the

---

1. Rule 2254(a). "A defendant or additional defendant shall have the same right of service as though he were a plaintiff."

2. Rule 1006(a). "Except as otherwise provided by subdivision (b) . . . of this rule, an action against an individual may be brought in and only in a county in which he may be served. . ."

3. Rule 1043. "When an action against an individual is commenced in the county where the cause of action arose, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."

service provisions of rule 1043. Under this latter rule, plaintiff's privilege of service by deputization was available only when the action was instituted in the cause of action county.

Nor was the above mentioned amendment, adding rule 1006(c)[4] or new rule 1009(e)[5] promulgated the same date, of assistance to an original defendant sued in a non cause of action county, since those enlargements of venue and service privileges benefited only plaintiffs and not original defendants. See Schechtman v. Beatty, Jr. 45 D. & C. 2d 388 (1968), where the court stated at pages 390-1:

"He [the original defendant] cannot come under Rule 1006(c) which requires that venue be laid against one of the two or more defendants to be proceeded against, because he is now in the role of plaintiff and cannot also treat himself as one of the 'two or more' defendants upon whom the service has already attached. It follows that, although the actual plaintiff could have done this, defendant cannot, because he cannot be both plaintiff and defendant at one and the same time when seeking to raise a venue that will qualify him to have deputized service on another defendant."

---

4. Rule 1006(c). "An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

5. Rule 1009(e). "When an action is commenced against an individual in a county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or is brought against two or more defendants under Rule 1006(c), the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."

Upon identical facts, the court in Kozichie v. United States Steel Corp., 44 D. & C. 2d 647 (1968), reached the same result. See also Goodrich Amram, §1006(c)-1 where it is stated at page 115:

"D1 cannot join D2 and serve him by deputization, under Rules 1006 and 1009, unless P has sued D1 in the cause of action county or in a transaction or occurrence county. If P sues D1 in the county of D2's [sic] residence, which has no other connection with the action, joinder cannot be effected by deputization. Nor does the 'joint and several' provision apply, if P has sued D1 alone, even if P *could* have sued D1 and D2 jointly initially."

It is readily seen that in spite of the liberal construction philosophy expounded by Pa. R. C. P. 126, the courts did not find it possible to enlarge upon the venue and service provisions of the rules so as to obviate some of these rather intricate, vexing, and sometimes senseless problems. Happily, on June 27, 1969, the Supreme Court saw fit to amend rule 2254(a)[6] so as to provide that where venue is properly laid in the first instance, the original defendant, as well as any additional defendant, might bring an additional defendant into the action through deputized service. [7]

Generally, matters of venue and service of process are determined by the law in force at the time of the institution of the suit. However, in promulgating this rule, effective September 1, 1969, the Supreme Court provided that it shall apply to pending actions. Ac-

---

6. Pa. R. C. P. 2254(a). "If the venue of the action of the plaintiff against the defendant is properly laid, the defendant or any additional defendant may serve an additional defendant in any other county by having the sheriff of the county in which the action was commenced deputize the Sheriff of the other county where service may be had, subject to the right of the additional defendant to move for a severance under Rule 213(b) or for a change of venue under Rule 1006(d)."

7. Rule 1043 was enlarged in a similar fashion.

cordingly, by virtue of the rule change, and by virtue of its retrospective application, we find that venue as to the additional defendant Newfield is properly laid. While, arguably, it may be said that service upon the additional defendant by deputization on June 3, 1968, a time when such service was not authorized under the then existing venue and service rules, was of no legal effect, we do not perceive the necessity for reaching such a result and do not do so. We note in this connection that defendants' complaint against additional defendant was filed May 17, 1968, and were the service to be set aside, the statute of limitations not having run, service could now be effected under the amendment. And see 22 P. L. Encyc. 105.

### ORDER

And now, September 5, 1969, the preliminary objections filed on behalf of additional defendant, Fred Charles Newfield, are overruled and dismissed. He shall have the right to plead over, if he so desires, within 30 days of the date of this order.